## In re PARK'S ESTATE.

## HILTON v. STEWART.

No. 1787.  Decided November 16, 1906 (87 Pac. 900).

DOWER—CONVEYANCE BY HUSBAND—CLAIM AGAINST ESTATE.—Revised Statutes 1898, section 2826, provides that "one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him." This statute became effective January 1, 1898, and prior to that time the widow's interest was a life estate. Petitioner asked to have one-third the value of lands conveyed by her husband without a relinquishment of her interest prior to January 1, 1898, set apart, and distributed to her out of her husband's estate. *Held*, that the widow was not entitled either to have the value of her fee simple or of her life interest in such lands set apart to her out of her husband's estate, as her interest in the property is in the nature of an incumbrance on each specific parcel.[1]

APPEAL from District Court, Salt Lake County; George Y. Armstrong, Judge.

Application by petitioner Annie F. A. Hilton against the estate of John R. Park, deceased, S. W. Stewart, executor. Demurrer to the petition sustained, and petitioner appeals.

AFFIRMED.

See 29 Utah 257, 81 Pac. 83.

*N. V. Jones* for appellant.

*Barnard J. Stewart* for respondent.

FRICK, J.

This is an application by the petitioner, Annie F. A. Hilton, against the estate of John R. Park, deceased. In her petition filed in the district court, probate division, she makes in substance the following statements of

---

[1] Hilton v. Thatcher, 31 Utah —

fact: That the last will and testament of John R. Park, deceased, was duly admitted to probate October 20, 1900; that the respondent, S. W. Stewart, was duly appointed executor of said will, and as such claims the right, title, and possession in and to all the property belonging to said estate. That the appellant and John R. Park intermarried at Salt Lake City, Utah, on the 5th day of December, 1872, and that they continued husband and wife from said date until the death of said Park, which occurred September 30, 1900; that she continued a resident of Salt Lake county from the time of said marriage to the filing of said petition. That said John R. Park, deceased, was, subsequent to, and during said marriage, seised in fee and possessed of various parcels of real estate, all of which, together with the value thereof, is fully set forth and described in said petition.

It is further alleged that said John R. Park, deceased, after said marriage and during its existence, between the 15th day of March, 1887, and the 16th day of January, 1894, sold and conveyed the real estate described in said petition, and that the appellant did not join in said conveyance, nor at any time relinquish her interest in or to said real estate, nor receive anything in lieu therefor, nor any consideration for the same. That the grantees of said Park went into possession of said real estate respectively conveyed to them, and that they and their successors in interest have remained and are in possession thereof, and claim title thereto and to the whole thereof, adverse to the petitioner. That one-third in value of the real estate conveyed by said Park, as set forth in said petition, amounts to the sum of $10,733; that the petitioner, as the widow of said John R. Park, deceased, is entitled to recover against his said estate the said sum of $10,733, as and for her one-third interest in the lands conveyed by him as above stated; that the estate of said John R. Park, deceased, is solvent, and that said S. W. Stewart, as executor of said estate, has in his possession property of the value of $35,000, undistributed, out of which he can compensate the petitioner for her interest in said real estate.

Petitioner further alleges that in a former action this court

determined her status, and adjudicated that she is the widow of said John R. Park, deceased, and entitled to a widow's share in his said estate. Upon substantially the facts, as above stated, petitioner prays judgment, that one-third in value of all the real property, described in said petition, be set apart and distributed to her out of the property of said estate, amounting to the sum of $10,733, with legal interest thereon, from March 1, 1891, and for general relief. To this complaint S. W. Stewart, as the executor of said estate, demurred generally and specifically, which demurrer was sustained by the trial court, and petitioner's application dismissed, and hence this appeal.

While the demurrer sets forth a number of specific grounds, in view of the conclusion we have reached we shall consider and discuss but one ground, namely, that the complaint does not state facts sufficient to entitle the petitioner to the relief asked against said estate. The question, therefore, is: Did the court err in sustaining the demurrer on the general ground above stated? For convenience the petitioner will hereafter be designated as "appellant," and the executor as "respondent."

It will be observed that appellant in this proceeding does not seek to recover her alleged interest as the widow of John R. Park, deceased, in the specific real estate conveyed by him, but she seeks to obtain the value of one-third thereof out of the property of the estate. In other words, she seeks to recover the value of a one-third interest in a lump sum against the estate of her deceased husband. She bases her claim upon section 2826, Revised Statutes 1898, which, so far as material here, reads as follows:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him; . . . Property distributed under the provisions of this section shall be free from all debts of the decedent, except those secured by mechanics' liens for work or labor done or material furnished exclusively for the improvement of the same, and except those created for the purchase thereof, and for taxes levied thereon."

31 Utah—17

This section forms part of what is known and designated as the "Revised Statutes of Utah, 1898," and the laws therein contained were adopted as a Revision of the Laws of Utah in force up to that time and became effective on January 1, 1898. From the time Utah was organized as a territory, with the exception of the period from February, 1872 to March, 1887, the common law, or statutes declaratory thereof constituted the law upon the subject of dower in Utah until the 1st day of January, 1898, when section 2826, above quoted, went into effect as part of the Revised Statutes aforesaid.

A brief history of the law upon the subject of a widow's interest in the lands of her husband is given in the case of *Annie F. A. Hilton* (this appellant) *v. George W. Thatcher et al.* 31 Utah —, 87 Pac. —, to which case we refer for a detailed statement respecting the law, with its various changes upon that subject. In view of the law as there stated to be we held in that case: (1) That the right to an interest by the wife in the lands of her husband, owned by him during the marriage, was continuous from March 1887, to the present time; (2) That the measure of that right must be ascertained from the law in force at the time alienation took place by the husband without the consent of the wife; (3) That the right itself to such an interest must be determined by the law in force at the death of the husband; and (4) That the estates of dower and courtesy, as such, were abrogated by the adoption of section 2832 of the Revised Statutes of 1898, but that, by the adoption of section 2826, the right itself was continued in force as an enlarged estate or interest. Prior to the enactment of section 2826, the widow, upon the death of her husband, was entitled to a one-third part of all lands of which he was seised during the marriage, and the extent of such interest was a life estate, while under that section she is entitled to one-third in value of the lands so owned by him, or in which he has an equitable estate, the same to be set apart to her in fee simple. We thus have an enlargement of the widow's interest becoming effective, as we have seen, January 1, 1898. Prior to that time her interest terminated as at common law, at her death. It will further

be seen by an examination of the petition that all the lands involved in this action were alienated by appellant's husband after March, 1887, and before January 1, 1898. All of them were therefore conveyed while the wife was entitled to a life estate only. Notwithstanding this fact, she seeks in this proceeding to recover the full value of the interest in said lands given her under section 2826. Whether or not she can legally recover this interest is the question to be determined.

Neither the appellant nor respondent, as was frankly admitted by their counsel on the hearing of this case, have been able to find any adjudicated cases upon the precise point above stated, nor have we been able to find any. The authorities upon some of the propositions laid down by us, supra, are quite numerous, and the law as stated in the second and third propositions at least seems to be well settled.

As to the first and fourth propositions there is a conflict, and we have determined as therein stated, and, as we believe, in accordance with the weight of authority. As a matter of legal history of which we, in common with all courts, take judicial knowledge, the law giving the wife an interest in her husband's lands has not only existed in some form, either statutory or according to the common law, before and since the formation of our government, but it has frequently been the subject of judicial inquiry in this country in all of its phases for nearly if not quite two centuries. The fact, therefore, that no adjudicated cases can be found upon the precise point involved in this case is a circumstance from which an inference is permissible, more or less strong, that no one has heretofore attempted to recover the wife's share in the lands of her deceased husband conveyed by him during the marriage without her consent, out of his estate, instead of having recourse to the lands so conveyed. While this fact may not be conclusive respecting her right to do this, still it is a very important factor to be considered. In the absence of judicial authority, we must therefore seek for a solution by having recourse to general principles as deduced from statutes and other laws upon the subject. Does section 2826 give such a right? We think not. Counsel for appellant lays

much stress upon the wording of that section in that it says "one-third in value" shall be the wife's interest. This of itself added nothing at all to her interest. At common law all courts in distributing the wife's share always sought to fix it as nearly as possible in each case at one-third the value, even where the same was set off to her in kind. To have done otherwise would have been a farce not to be tolerated by any court. But the statute does not say that this one-third in value shall be set apart to her out of the estate of the husband, but the statute says

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage . . . shall be set apart as her property in fee simple if she survive him."

This refers to the land itself that was possessed by him during the marriage, not to any kind of property that may be left by him at his death constituting his estate. Moreover appellant's counsel concedes that the law in force at the time of the husband's conveyance controls as to the measure of the wife's interest. If this be so, in case the law is changed after conveyance, and before the death of the husband, so as to enlarge the wife's interest, how can the wife claim the enlarged right against the husband's estate any more than she could against his grantee?

Under the law as it was at the time of the conveyance the husband had a legal as well as a moral right to transfer his entire interest. This interest consisted of the fee to the land, except that it was encumbered by the inchoate interest of the wife. In case she survived him she thus had and could have no greater interest in the lands conveyed by him than the law gave her. The Legislature, by adopting section 2826, could not nor did it attempt to enlarge the widow's interest in then alienated lands. What could not be done directly we do not think can be or was contemplated to be done indirectly. But if appellant's contention is sound, the Legislature accomplished by indirection what she concedes they could not do directly. We cannot yield our assent to this contention, but feel constrained to hold that the wife, if she desires to recover her

interest in her husband's lands alienated by him during marriage, without her consent, must resort to the lands themselves, and that she can recover such interest only as the law gave her at the time the lands were alienated by the husband. In all lands possessed by him at the time of his death, and in all that were alienated by him under the law as it stood at the time of his death, she takes her interest in accordance with that law. It must not be overlooked that the inchoate contingent interest of the wife in her husband's lands is in the nature of an incumbrance which may or may not become an absolute and enforceable right dependent upon the one fact that she survives her husband. This incumbrance is against the land, and exists against each specific parcel while the right remains inchoate. Neither is the right changed when it becomes vested and enforceable upon the death of the husband, so that it may be shifted at the pleasure of the wife from one parcel to another, or against one grantee, and not against another. The interest of the wife is in the land itself to be apportioned to her one-third in value out of each parcel.

The right to an interest exists, if it exists at all, by virtue of the law, and not by virtue of contract, and hence must be enforced according to the law that gives the right to such interest. Counsel for appellant suggested in his oral agreement that if we found that the wife could not recover the enlarged share out of the husband's estate, she might still be entitled to the lessor under the petition, since the lesser is included within the greater right. But we are of the opinion that she cannot recover either, against the estate of the husband, and for the same reasons, namely, that her right is against the land against which it constitutes a vested and enforceable interest and incumbrance in her favor.

While it is true that her right to an interest accrues only at the death of her husband, yet, in view of the constitutional limitations under our form of government, rights become vested in accordance with the law in force, by enforceable obligations, at the time such rights are created, and all are bound by those limitations alike. To attempt an exception in favor of the wife would nullify this salutary provision of our

Constitution precisely the same as if it were attempted for any other purpose. . See 14 Cyc. 977-980, where the usual procedure and form of action is given for the recovery of dower of the substituted statutory interest in lieu thereof. The decisions of the various state courts upon the subject are referred to therein, and so far as we have been able to ascertain nothing is contained in any of them that is contrary to the views expressed in this opinion. Section 2826 does not, nor has any law in force at any time, either in the territory or state of Utah, ever conferred upon the widow the right to take the value of her interest in the husband's lands out of his estate. No doubt this may be consented to by all who have an interest in the estate, but what is demanded in this case is that this be accorded as a matter of legal right; this right is what this court is asked to declare to exist as a matter of law, and this, as we have attempted to show, the law does not sanction, hence we cannot grant it. The court, therefore, did not err in sustaining the demurrer.

The judgment is affirmed, at appellant's costs.

McCARTY, C. J., and STRAUP, J. concur.