334 P.2d 564

Sinda Burraston WILKINSON, Appellant,

v.

Sarah B. WHITE, Respondent.

No. 8930.

Supreme Court of Utah.

Jan. 22, 1959.

Grant Macfarlane, Salt Lake City, Gustin, Richards & Mattsson, John T. Vernieu, Richfield, for appellant.

Olsen & Chamberlain, Richfield, for respondent.

CROCKETT, Chief Justice.

Sinda Burraston Wilkinson, contests the will of her former husband, David T. Burraston. From judgment admitting the will to probate she appeals.

Sinda and David married in 1897 and were husband and wife until divorced in 1942. Thereafter Sinda married George Wilkinson, but David remained single. He died March 16, 1958, and Sinda presented for probate a will dated October 21, 1918, leaving his property to her. David's sister, respondent Sarah B. White, presented a later will dated October 12, 1943, which was admitted to probate. It revoked the former will and left David's entire estate to Sarah.

Sinda, the contestant, made a feeble attempt to prove undue influence by Sarah and her husband, Rex White, in procuring David to make the later will. This proof amounted to little more than the facts that the will was made in the home of the Whites, was written by Rex White, and the inferences contestant urged the trial court should have drawn from those facts and the relationship of the parties. This being a will contest, and thus an action at law, judging the credibility of the witnesses, the weight of the evidence and the inferences to be drawn therefrom lay within the province of the trial court.[1]

Persuasive upon the question of undue influence is the fact that the testator had this will in his possession for 15 years after its execution and took no action to change it. In that connection contestant claims that the testator was senile and incompetent during the last year or so of his life and could not have changed his will. About all that can be said for that argument is that it would only leave him about

1. See In re Lavelle's Estate, 122 Utah 253, 248 P.2d 372.

14 years to do so if it had not suited his desires.

The other ground of contest is that the will was not properly executed. Sinda relies upon the law as set forth in the case of In re Alexander's Estate,[2] wherein this court affirmed that the right to dispose of property by will is governed by statute; and unless the requirements are met the will is void. The pertinent provisions of the statute are:

"Every will * * * must be executed and attested as follows: (1) It must be subscribed at the end thereof by the testator himself; (2) The subscription must be made in the presence of the attesting witnesses; (3) The testator must at the time of subscribing the same declare to the attesting witnesses that the instrument is his will; and, (4) There must be two attesting witnesses, each of who must sign his name as a witness at the end of the will, at the testator's request, in his presence, and in the presence of the other." [3]

The evidence is that on the date the will bears David and his brother, William, came to the home of the Whites in Goshen. David asked Rex White if he would "do some writing" for him, to which the latter consented. Rex White testified that David then dictated the will as he wrote it; and that when it was finished, David signed it in their presence and that he and William signed as subscribing witnesses in David's presence and in the presence of each other.

The claimed defects in the above evidence as to the procedure are these: that it is not indicated either that the testator read the will, or that it was read aloud in his presence after it was written; nor that the subscribing witness, William Burraston, heard the will dictated; nor that he was asked to sign as a witness. And further, that the order of signing was not shown.

It is to be kept in mind that the trial court could base its findings not only on the direct testimony as to facts, but upon all of the reasonable inferences and intendments to be drawn therefrom. It is seldom that any scene of activity is so described by a witness that every stone of the mosaic is filled in with such completeness that subsequent critical examination could not find some vacant spots. As a practical necessity all that is required is that the salient facts be covered. It is left to common sense in the light of experience to fill in the interstices by drawing reasonable inferences to complete the picture. It was shown that William was there both at the beginning and at the end of the writing of the will. The reasonable presumption is that he was there in the meantime. Under the circumstances here shown, it is likewise to be presumed that David Burraston, who was competent and had ex-

2.  104 Utah 286, 139 P.2d 432.

3.  74-1-5, U.C.A.1953.

pressed his desire to execute his will, read and understood what he signed.

The answer to the contentions of the contestant is found in the fact that the testimony is susceptible of reasonable interpretation that the testator dictated the entire will aloud in the presence of both witnesses, including an attestation clause which stated in essence that:

"David Burraston declared to us that the above will was his last will and testament and signed it in our presence; he requested us to sign as witnesses, which we did, in his presence and in the presence of each other."

 That attestation clause indicates full and accurate compliance with requirements of our statute. Further supporting respondent's position is the fact that proof that the signatures to the attestation clause were genuine is itself a sufficient prima facie showing that the recitals therein were complied with to justify the trial court so finding, in the absence of any affirmative showing to the contrary.[4]

In regard to the order of signing: conceding that the instant evidence may be uncertain, it is to be assumed that the logical order was followed. In any event the sequence of signing would not be of controlling importance so long as they actually witnessed his signature and the other requisites were met.

Affirmed. Costs to respondent.

WADE, WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, J., concurs in result.

4. In re Warren's Estate, 138 Or. 283, 4 P.2d 635, 79 A.L.R. 389; and see In re Bragg's Estate, 106 Mont. 132, 76 P.2d 57.