369 P.2d 925

**In the Matter of the ESTATE of David Owens THURMAN, Deceased.**

**Clarice M. Ball, Objector and Appellant.**

**No. 9492.**

Supreme Court of Utah.

March 21, 1962.

Lee W. Hobbs, Salt Lake City, for appellant.

**158**

Ray, Quinney & Nebeker, Salt Lake City, for respondent.

CROCKETT, Justice.

Clarice M. Ball challenges the probate of the will of her father, David Owens Thurman, and the election to take under it made by his widow, Thelma C. Thurman. From a judgment rejecting her contentions, Clarice appeals.

The testator in his will named Thelma, his wife by a second marriage, as his executrix and devised to her his entire estate, both real and personal.

In seeking to defeat the will and share in the estate, Clarice makes two main contentions: 1) that the will was not proved to have been properly executed, and 2) that the widow did not timely file a formal acceptance of the provisions of the will, and therefore should be deemed to have accepted her statutory share of the estate.

The will bore an adequate attestation clause which recited full compliance with the requirements of our statute by stating in essence that: the testator declared to the witnesses that the document was his will and requested them to act as witnesses; that he signed it in their presence; and that they signed it in his presence and in the presence of each other.[1]

Appellant asserts that notwithstanding those *written* recitals, the actual *testimony* adduced at the hearing left the proof of proper execution deficient in certain particulars: that it did not show affirmatively that her father declared that the document was his will; nor that he requested the witnesses to act as such.

It has been held, and we think correctly so, that under such circumstances the fact that the witness does not recall or relate the full detail of the statutory formalities were complied with will not defeat the will.[2] Where there is an attestation clause reciting observance of the statutory requirements for the execution of a will, and the genuineness of the signatures is proved, a presumption arises that the recitals contained therein are true and that the will was duly executed.[3] This is justified because it is reasonable to assume that persons acting in regard to something this important will do so seriously and deliberately; and that they therefore know the contents of what they sign. The presumption of due execution is of such strength that it will support a finding to that effect;

---

1. Sec. 74–1–5, U.C.A.1953.
2. Re Kent's Estate, 161 Cal. 142, 118 P. 523; and see cases from numerous jurisdictions so holding, 40 A.L.R.2d 1232, 3.
3. Hurley's Estate, 79 Colo. 347, 245 P. 711; and see cases collated in Anno. at 76 A.L.R. 617 et seq.; and 40 A.L.R.2d 1224, also citing cases which so hold when the signatures are proved genuine and the attestation clause is only partial, or even entirely lacking.

and it can be overcome only by clear and convincing evidence to the contrary.[4] There being no such evidence here, the finding that the will was valid is sustained.

The contention that the widow must be deemed to have renounced the devise of the entire estate by the will and to have elected to take her statutory share [5] is based upon this portion of Sec. 74-4-4, U.C.A.1953:

> " * * * If, however, it does not appear from the will that the provision for the widow is additional, [to her statutory share] then the widow shall be conclusively presumed to have renounced such provision and to have accepted her distributive share, unless within four months after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, by written instrument * * * accept the testamentary provision * *."

The widow did not file her election to take under the will within the four-month period after it was admitted to probate, but later obtained permission from the court and filed it. Appellant argues that under the above statute, the court could only grant such an extension of time before the four-month period had elapsed;

that thereafter it had no authority to do so; and that therefore the widow must be conclusively presumed to have renounced the will and to have accepted her statutory share of the estate. We reject appellant's contention because we do not see in the wording of the statute any such limitation upon the authority of the court.

Assuming for the sake of argument that its language might also reasonably be susceptible of the interpretation appellant advocates: its intent and application should be found by analyzing it in the light of its purpose. This could not be other than to safeguard the interests of the widow.[6] In the absence of that statute she certainly could take under the will the same as anyone else. Therefore, its objective must have been to protect her so that if the will gave her less than her statutory share of the estate, she would have it anyway; but if it gave her more, she could also have the choice of claiming that. Interpreting the statute consistent with this purpose, there is no reason to believe that the time specified for making the choice should be regarded as an absolute limitation, not only upon the widow, but upon the court as well, so that it could not grant relief to a widow who might not know her rights and thus fail to file her

4. In re Warren's Estate, 138 Or. 283, 4 P. 2d 635, 79 A.L.R. 389; see also 40 A.L.R. 2d 1231.
5. Sec. 74-4-3, U.C.A.1953.

6. See In re Stitzer's Estate (Colo.) 87 P.2d 745; and Kerner v. Peterson, 368 Ill. 59, 12 N.E.2d 884.

election within the four-month period. This would be completely discordant to the spirit of the statute, and in some instances might work grave injustice never envisioned nor intended by its framers.

■ We think the most reasonable interpretation of the language of the statute is in harmony with the objective just discussed of providing a protective advantage to the widow; and that it was not intended to deprive her of a benefit she otherwise would have. In support of that view this further observation is pertinent: there is no question but that the widow could make the election for herself within the four-month period. Therefore, if the phrase, " * * * or within such additional time before distribution as the court may allow * * *" is to be given any meaning or effect, it must be to authorize the court to grant her some additional right after that time has elapsed. Accordingly, it is our opinion that the statute endows the court with discretion to allow the widow to file her election to take under the will after the four-month period has elapsed, at any time he deems just and equitable, so long as it is before the distribution of the estate.[7] Having disposed of this issue on the grounds stated, we are not concerned with the question whether it was necessary at all for the widow to file an election.[8]

Affirmed. Costs to respondent.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

7. In accord under similar statute, see In re Wooley's Estate, 96 Vt. 60, 117 A. 370; cf. In re Hansen's Guardianship, 67 Utah 256, 247 P. 481; in cases cited contra, the statutes involved did not have the provision "or within such additional time before distribution as the court may allow"; In re Sheely's Estate, 102 Colo. 194, 78 P.2d 378; Ex Parte Moore, 7 Howard 665, 7 Miss. 665; Stearns v. Stearns, 103 Conn. 213, 130 A. 112.

8. Cf. In re Kohn's Estate, 56 Utah 17, 189 P. 409.