399 P.2d 442

In the Matter of the **ESTATE** of William D. BAXTER, deceased, Lois Marie Thomas, Edith Grace Hamaker and Harold Baxter, Appellants.

No. 10216.

Supreme Court of Utah.

March 3, 1965.

O. D. Wootton, American Fork, Nielsen, Conder & Hansen, Dean E. Conder, Salt Lake City, for the estate.

Clarence M. Beck, Elias Hansen, Salt Lake City, Heber Grant Ivins, American Fork, for appellants.

CROCKETT, Justice:

This case involves the validity of the will of William D. Baxter offered for probate by Ruth Burn Baxter, his wife by a second marriage after his first wife had died. Lois Marie Thomas, Edith Grace Hamaker and Harold Baxter, grandchildren through his

first marriage, filed objections contending that the testator was incompetent to make a will; that he was subjected to undue influence in transferring money and property to his wife, Ruth Burn Baxter; that the will was not executed in accordance with the requirements of law; and asked that the will be declared invalid and probate thereof be denied. After a trial to the court, it found the issues against the objectors and admitted the will to probate, from which they appeal.

In contending that the will was not properly executed, objectors rely on the proposition that the disposing of one's property by will in a manner different than it would descend by law is not a natural inherent right which arose out of common law, but is a privilege granted by the legislature under specific conditions which must be strictly complied with. With this general proposition we have no disagreement. Section 78–25–12, U.C.A.1953 expressly provides that such a will " * * * is invalid, unless it is in writing and executed with such formalities as are required by law." [1]

The formalities we are here concerned with are set forth in Section 74–1–5, U.C.A. 1953, requiring that the will be in writing and:

"(1) * * * subscribed at the end thereof by the testator himself;

"(2) * * * in the presence of the attesting witnesses;

* * * * * *

"(4) * * * two attesting witnesses * * * must sign * * * *at the end of the will,* at the testator's request, in his presence, and in the presence of each other."

It is not questioned that all of these requirements were met except the emphasized one that the witnesses must sign at the *end* of the will. This contention rests upon the fact that instead of using the usual attestation clause,[2] the following language was added thereto.

"At the time of the execution of this instrument the said testator was of sound and disposing mind and had a clear understanding of the nature of the instrument being signed and was not acting under any menace or undue influence."

Objectors argue that because the witnesses signed below the attestation clause, and that it contained the language just quoted, they did not *sign the will at the end thereof* as the statute requires, but on the contrary, signed the instrument at the end of a statement unauthorized by law and which would

---

1. See In re Alexander's Estate, 104 Utah 286, 139 P.2d 432; Wilkinson v. White, 8 Utah 2d 336, 334 P.2d 564; see also in general, 94 C.J.S. Wills §§ 3 and 167.

2. See Thurman's Estate, 13 Utah 2d 156, 369 P.2d 925.

be incompetent and inadmissible as evidence.

The attestation clause is the pronouncement of the witnesses that they have seen, heard and performed the acts which are necessary to the proper execution of the will. That they should sign at the end of this statement is but natural and logical. It is well established that the fact that the witnesses sign below it, rather than at the end of the dispositive portion of the will, does not amount to a failure to comply with the statutory requirement that the witnesses sign the will "at the end thereof." [3] The additional language here under attack as improperly included in the attestation clause is of the same general character. It does nothing more than set forth in words things which the witnesses are supposed to observe anyway: that the testator is of sound mind and not acting under undue influence. We can see no reason why the recital of these additional facts in the attestation clause, and the witnesses' signing below it, should be considered as invalidating the will.

Nor do we find any merit in the objectors' contention that the language which was added to the clause is especially objectionable because it states a conclusion of the witnesses upon the very issue the court or jury must determine.[4] In the event of a bona fide contest as to the testator's capacity, neither any competent court nor counsel should be under any delusion that such a statement would have any conclusive or binding effect. The issue would have to be tried and determined in the same manner as any other disputed issue: under proper instructions and upon the competent evidence bearing thereon.

Objectors also assign error in certain rulings on evidence. We do not regard them as of sufficient import to justify setting forth and treating each in detail, but choose to treat them together by making these general observations. While the presentation of evidence is directed by counsel for the respective parties, as the authority in control of the proceedings, the trial judge has both the duty and the prerogative of keeping the evidence within reasonable limits consistent with the proper objective of receiving all competent evidence which he thinks has any probative value on the issues in dispute, to the end that the truth be ascertained and those issues be correctly resolved; and he has

---

3. See In re Dunlap's Will, 87 Okl. 95, 209 P. 651; and Am.Jur.Wills, Sec. 348, p. 257.
4. That an objection on the ground that the question calls for an answer which is "the ultimate fact in issue" is not a good objection and that a witness may testify to any evidence he is qualified to give, regardless of whether it is the "ultimate fact in issue," see Joseph v. Groves L. D.S. Hospital, 7 Utah 2d 39, 318 P.2d 330; and Empire Mutual Insurance, Dastrup, etc. v. Allen Oil Co., 123 Utah 253, 258 P.2d 445.

288

the corresponding duty and prerogative of excluding evidence which does not come within the confines of that purpose.[5] The practical exigencies of the ongoing process of the trial make it necessary that he be allowed some reasonable latitude of discretion as to how far afield the examination of witnesses may be pursued. And his rulings should not be disturbed lightly, nor at all unless it clearly appears that he was in error in his judgment or that he abused his discretion in such manner as to prejudice the interests of the party whose evidence is excluded.

Furthermore, when the trial is to the court, his rulings on evidence need not be subjected to quite such critical scrutiny as when it is to the jury, because in arriving at his conclusions upon the issues he will include in his consideration of them his knowledge and his judgment as to the competency, materiality and effect of evidence.

With the foregoing principles in mind, together with the fact that this attack was upon the validity of the will in an effort to prevent its probate, and not upon alleged prior transfers of property to Ruth Burn Baxter, we do not perceive in this record any error prejudicial to the objectors which would justify reversal of the judgment.[6] (All emphasis added.)

Affirmed. Costs awarded in favor of the estate and against objectors.

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.

5. That the trial judge is recognized as the authority in charge of the trial, with the responsibility of carrying it forward as efficiently and expeditiously as possible consistent with fairness and thoroughness in administering justice, see Hanks v. Christensen, 11 Utah 2d 8, 11, 354 P. 2d 564.

6. That there should be no reversal unless it is shown that there is error which is substantial and prejudicial in the sense that there would be a reasonable likelihood of a different result in the absence of such error, see Hales v. Peterson, 11 Utah 2d 411, 415, 360 P.2d 822.