IN THE MATTER OF THE ESTATE OF FRIEDA PARSON, DECEASED ET AL. *v.* CARL G. GRABERT, PERSONAL REPRESENTATIVE OF THE ESTATE OF FRIEDA PARSON, DECEASED.

[No. 1-1275A224. Filed March 26, 1976. Rehearing denied May 5, 1976. Transfer denied September 14, 1976.]

*Edwin W. Johnson, Johnson, Carroll and Griffith,* of Evansville, for appellant.

*Otis B. Allyn, Allyn and Givens,* of Mt. Vernon, for appellee.

LYBROOK, J.—Petitioner-appellant Riley Parson appeals from a judgment in favor of respondent-appellee Carl G. Grabert, personal representative of the estate of Frieda Parson, deceased, on Riley's petition to recover the statutory widow's allowance and family allowance. The issue presented for review is whether IC 1971, 29-1-4-2 (Burns Code Ed.) which provides for the widow's allowance and IC 1971, 29-1-4-3 (Burns Code Ed.) which provides for the family allowance violate the equal protection clause of the Fourteenth Amend-

ment to the United States Constitution in that the allowances are available to widows and not to widowers.

The undisputed evidence reveals that subsequent to his wife's death, Parson timely filed a petition for widow's allowance and family allowance pursuant to IC 1971, 29-1-4-2, *supra*, and IC 1971, 29-1-4-3, *supra*, respectively. The statutes provide:

"29-1-4-2 Widow's allowance.—The widow of the decedent, who had his domicile in this state at the time of his death, whether he died testate or intestate, may at any time before the sale, select and take articles listed in the inventory at the appraisement value, not exceeding in the aggregate, three thousand dollars [$3,000]. Each article taken by her shall be so noted on the inventory opposite the article taken, or a separate inventory may be made of the articles so taken and returned with the general inventory. She shall execute a receipt therefor to the personal representative, which shall be returned and filed with the inventory. If the widow fails or refuses to select and take all or any part of the articles in this section provided, she shall be entitled to the amount of the deficiency, in cash, out of the first moneys received by the personal representative, in excess of the amount necessary to pay the expenses of the administration, and the reasonable funeral expenses: Provided, That if the estate be clearly solvent, she shall be entitled to such payment out of the first moneys received by such personal representative. If the personal estate of the decedent be insufficient to pay the amount that may be due the widow in cash, as aforesaid, the deficit shall constitute a lien upon the real estate of the decedent liable to sale for the payment of debts, which lien may be enforced, upon the petition of the personal representative in like manner as lands of the decedent are sold for the payment of debts, and shall be superior to the lien of judgments upon said real estate rendered against the decedent.

"29-1-4-3 Family allowance.—In addition to the right to homestead and widow's allowance, the court in its sound discretion may grant to the surviving widow or minor children, or both, of a decedent who had his domicile in this state at the time of his death, unless the decedent shall by will provide otherwise, an allowance in money out of the estate for their maintenance during the administration of his estate. Such allowance may be made upon petition at any time after letters of administration have been issued and

may be payable in one [1] payment or periodic installments and shall be payable to the surviving widow, if living, for the use of such surviving widow (or the minor children, or both) ; otherwise to the guardians or other persons having the care and custody of the minor children; but in case any minor child shall not be living with the surviving widow, the court may make such division of the allowance for maintenance as it deems just and equitable. In determining whether such allowance shall be made and the amount of such allowance, the court shall take into consideration the conditions of the estate, the needs of the parties entitled thereto and all other circumstances which the court believes essential to an equitable determination of the matter. Such allowance shall not exceed fifty dollars [$50.00] per week to the widow and twenty-five dollars [$25.00] per week to each minor child, and such payments shall not continue for longer than one [1] year and shall terminate in every case upon the court ordering final distribution of the estate. Any order of allowance so made may be terminated or modified by the court at any time. Such family allowances shall not be charged against the distributive shares of either the surviving widow or children."

Parson argues that these statutes are unconstitutional in that the classifications based upon sex which affords different treatment to persons similarly situated bears no reasonable relation to the purpose of the statutes. He therefore maintains that the statutes operate in derogation of the equal protection clause of the Fourteenth Amendment.

In *Indiana High School Athletic Association* v. *Raike* (1975), 164 Ind. App. 169, 329 N.E.2d 66, Judge Buchanan examined at length the various standards of review to be applied in equal protection cases. Therein, the court concluded that three distinct standards are applied depending upon the nature of the statutory classification. In the case at bar, the classification of concern hinges upon the sex of a surviving spouse. Despite contrary arguments, sex has not yet been determined to be a "suspect classification" by a majority of the United States Supreme Court so as to necessitate the application of the so-called high scru-

tiny test. See, *Frontiero* v. *Richardson* (1973), 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583. Rather, in statutory classifications based upon the sex of a surviving spouse, the United States Supreme Court has expressly recognized that the equal protection standard of *Reed* v. *Reed* (1971), 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225, should be utilized. *Kahn* v. *Shevin* (1974), 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189. In *Reed* v. *Reed, supra,* the unanimous court applied a test which Judge Buchanan in *Raike, supra,* referred to as the sliding scale test. Under that approach, the classification must be justified by something more than any "reasonably conceivable" set of facts. Rather, it must rest upon some ground of difference having a *fair and substantial relation to the object of the legislation.*

In *Kahn* v. *Shevin, supra,* the court upheld the constitutionality of a Florida statute which provided certain benefits to widows and not to widowers. In so doing, the court applied the "fair and substantial relation" test, and affirmed the opinion of the Florida Supreme Court that the classification was valid,

> ". . . because it has a 'fair and substantial relation to the object of the legislation,' that object being the reduction of 'the disparity between the economic capabilities of a man and a woman.' " (Footnote omitted.)

In holding the Florida statute to be constitutional, the *Kahn* v. *Shevin* court wrote:

> "There can be no dispute that the financial difficulties confronting the lone woman in Florida or in any other State exceed those facing the man. Whether from overt discrimination or from the socialization process of a male dominated culture, the job market is inhospitable to the woman seeking any but the lowest paid jobs. There are of course efforts underway to remedy this situation. On the federal level Title VII of the Civil Rights Act of 1964 prohibits covered employers and labor unions from discrimination on the basis of sex, 42 U.S.C. § 2000e—2(a), (b), (c), as does the Equal Pay Act of 1963, 29 U.S.C. § 206(d). But firmly entrenched practices are resistant to such pressures, and indeed, data compiled by the Women's Bureau of the United States De-

partment of Labor shows that in 1972 women working full time had a median income which was only 57.9% of the male median—a figure actually six points lower than had been achieved in 1955. Other data points in the same direction. The disparity is likely to be exacerbated for the widow. While the widower can usually continue in the occupation which preceded his spouse's death in many cases the widow will find herself suddenly forced into a job market with which she is unfamiliar, and in which, because of her former economic dependency, she will have fewer skills to offer.

"There can be no doubt therefore that Florida's differing treatment of widows and widowers 'rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation.' *Reed* v. *Reed,* 404 U.S. 71, 76, 92 S.Ct. 251, 254, quoting *Royster Guano Co.* v. *Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed.2d 989." (Footnotes omitted.)

For the same reasons advanced by the Supreme Court in *Kahn* v. *Shevin, supra,* we find the statutes involved in the case at bar to be constitutional. The differing treatment of widows and widowers rests upon some ground of difference which, in our opinion, bears a fair and substantial relation to the object of the legislation, that object being the reduction of the disparity between the economic capabilities of a man and a woman. In reaching this conclusion, we are mindful that in certain isolated instances these statutes might operate to create a hardship to a widower. Nevertheless, it is not the function of this court, or any court to rewrite the statutes provided by our General Assembly.[1] See, *Haggerty* v. *Wagner* (1897), 148 Ind. 625. Moreover, if we were to declare the statutes unconstitutional, the result would be a complete abrogation of the widow's allowance and the family allowance, a result not expressly desired by either party herein.

---

1. It should be noted that the widow's allowance and family allowance were repealed by the Indiana General Assembly effective January 1, 1976, in favor of a statute providing a survivor's allowance regardless of the sex of the surviving spouse. *See,* IC 1971, § 29-1-4-1 (Burns Code Ed., Supp. 1975).

Finding no constitutional infirmity in the challenged statutes, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

Note.—Reported at 344 N.E.2d 317.