In the Matter of the ESTATE of Joseph R. BAER, Deceased.

Appeal of Jennie BAER.

No. 14676.

Supreme Court of Utah.

March 23, 1977.

Lyle W. Hillyard, of Hillyard & Gunnell, Logan, for appellant.

Ted S. Perry, Logan, for respondent.

HALL, Justice:

This is an appeal from a district court order confirming sale of real property.

Appellant is the widow of the deceased who died testate. The will provided an option for decedent's six sons by a previous marriage to purchase his real property for a specified sum within six months of his death. The option was timely exercised and they moved the court to confirm the sale. Appellant objected to the sale and asserted the court was without power or authority to deprive her of the statutory right to elect against the will, or to confirm the sale without affording her a fair and reasonable opportunity to make an informed and proper election. The court confirmed the sale over said objections and appellant now maintains that such deprived her of the statutory distributive share of

the real property. Respondents counter saying that even if such be the case, the statute violates the equal protection provisions of the state and federal constitutions.

The statutory provision which lies at the very heart of this matter is 74–4–3, Utah Code Annotated 1953, which reads in part as follows:

One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, shall be set apart as her property in fee simple, if she survives him.

The foregoing is further supplemented by 74–4–4, Utah Code Annotated 1953, as follows:

If the husband shall make any provision by will for the widow, such provision shall be deemed *in lieu of the distributive share* secured by section 74–4–3, unless *within four months* after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, *by written instrument* filed with the clerk of the court, elect to receive her distributive share, which election shall be construed to be a renunciation of such testamentary provision. [Emphasis added.]

It is readily apparent that appellant complied with all of the requirements of the two foregoing sections, however, respondent maintains that the order of sale is proper under the general provisions of Title 75, Chapter 10, Utah Code Annotated 1953, and particularly section 17 thereof which reads in part as follows:

When the sale is made and confirmed *after due notice to the widow*, the conveyance also passes the right of the widow to her statutory interest in the property as survivor, . . . . [Emphasis added.]

The position of the respondents is untenable since it disregards the purpose and ob-

jectives of the laws pertaining to such sales, especially as they relate to Sections 74–4–3 and 74–4–4 set forth above.

■ Section 75–10–17 above does not by its language in any way amend or abridge the widow's rights to her statutory interest, it merely permits a sale, *with her consent* without the necessity of her executing a deed. Where the widow files an objection to the sale, asserting the court is without power or authority to deprive her of said right of election, the court is disposed to permit the election to be made within the four month period provided by statute, or within such additional time he deems just and equitable.[1]

■ If this court were to adopt respondents' argument that the filing of the election waived or withdrew the widow's objection to the sale, she would be deprived of her statutory fee simple interest and required to accept one-third of the proceeds of the sale in lieu thereof. There is no statutory or case law to support such a result nor to deprive her of the right to elect against the will.

■ The constitutional issue presented by respondents requires a determination whether the allowance of a distributive share only for widows is a discriminatory classification. Such a classification may be upheld if it bears a fair and substantial relation to a legitimate state purpose.

The United States Supreme Court upheld an analogous provision in Florida law which gave widows, but not widowers, a property tax exemption.[2] The Florida Supreme Court upheld the provision saying the statute bore a fair and substantial relation to the object of the statute which was to reduce "the disparity between the economic capabilities of a man and a woman." The United States Supreme Court affirmed, noting statistics showing the disparity in the earning power of men and women, and stated:

1. *In re Thurman's Estate*, 13 Utah 2d 156, 369 P.2d 925; *In re Bullen's Estate*, 47 Utah 96, 151 P. 533 (1915).

2. *Kahn v. Shevin*, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), Fla., 273 So.2d 72.

The disparity is likely to be exacerbated to the widow. While the widower can usually continue in the occupation which preceded his spouse's death, in many cases the widow will find herself suddenly forced into a job market with which she is unfamiliar, and in which, because of her former economic dependency, she will have fewer skills to offer.

A similar result was reached in *Reed v. Reed,*[3] wherein the court stated that states cannot:

> . . . legislate that different treatment be accorded to persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of the statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated shall be treated alike."

In *Stanton v. Stanton,*[4] the court said:

> . . . there is . . . no question but [a statute] may treat people differently, based on classification, so long as there is a reasonable basis for the classification, which is related to the purposes of the act, and it applies equally and uniformly to all persons within the class.

The Indiana legislature, like Utah, has repealed the widow's share provision and substituted a statutory share for each spouse.[5] Prior to its effective date, a similar case arose [6] and in holding that such did not violate equal protection stated:

The differing treatment of widows and widowers rests upon some ground of difference which, in our opinion, bears a fair and substantial relation to the object of the legislation, that object being the reduction of the disparity between the economic capabilities of a man and a woman.

The Supreme Court of Colorado [7] reached a similar result in holding that a felony nonsupport statute applicable only to fathers did not violate equal protection since it was based on a legislative determination that by reason of respective cultural, social and economic differences between the two parents, the father was better able to provide support for his children than the mother.

The Utah statute serves a policy of long standing [8] which cushions the financial impact of spousal loss upon the sex for which that loss imposes a disproportionately heavy burden. It is a legitimate state purpose to support widows who would have difficulty supporting themselves and therefore does not violate the equal protection clause.

The decisions of this court unanimously support a presumption of constitutionality of legislative enactments. In determining constitutionality, statutes are presumed to be constitutional until the contrary is clearly shown. It is only when statutes manifestly infringe upon some constitutional provision that they can be declared void. Every reasonable presumption must be indulged in and every reasonable doubt resolved in favor of constitutionality.[9]

Laws must be uniform and classes of persons for or against whom the laws will operate must be established on a rational basis. Such classification must be reasonable and not arbitrary.[10]

---

3.  404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), citing *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

4.  421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

5.  Utah has adopted Uniform Probate Code effective July 1, 1977.

6.  *In re Estate of Parson,* 344 N.E.2d 317 (Ct. App.Ind.1976); see also, *Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975).

7.  *People v. Elliott,* 186 Colo. 65, 525 P.2d 457 (1974).

8.  History: R.S. 1898 and C.L. 1907; C.L. 1917; R.S. 1933 and C. 1943.

9.  *Broadbent v. Gibson,* 105 Utah 53, 140 P.2d 939 (1943).

10.  Art. 1, Sec. 2, Utah Constitution.

This court, in *State v. J. B. and R. E. Walker, Inc.*,[11] stated the following:

> Before a court can interfere with the legislative judgment, it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others which it leaves untouched.

The Utah statute is reasonably designed to further the state policy of cushioning the financial impact of spousal loss upon the sex for which that loss imposes a disproportionately heavy burden and successfully survives the equal protection attack.

The order of the lower court is vacated and the case remanded with directions to award the widow her one-third share of decedent's real property. Costs to appellant.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

11.  100 Utah 523, 116 P.2d 766 (1941).