BOISE CASCADE CORPORATION, a Delaware Corporation, Plaintiff and Appellant,

v.

Sterling A. MEYER and Jeanne D. Meyer et ux., Reese Howell, Escrow Agent and Title Insurance Agency, a Utah Corporation, Defendants and Respondents.

No. 14833.

Supreme Court of Utah.

Sept. 7, 1977.

Watkiss & Campbell, Robert D. Maack, Duane R. Smith, Salt Lake City, for plaintiff and appellant.

Irving H. Biele, Leslie A. Lewis, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from summary judgment entered in favor of defendants by the Third District Court, Salt Lake County. All statutory references are to the Utah Code Annotated, 1953.

Plaintiff had obtained judgment against Defendant Sterling A. Meyer in 1973, and, when said defendant and his wife, Jeanne D. Meyer, sold real property in 1976, plaintiff executed on the proceeds of that sale.

Jeanne D. Meyer asserted her right to 50 per cent of the proceeds as joint tenant, and also claimed one-third of the rest of the proceeds by virtue of her inchoate interest granted in lieu of dower by the provisions of Section 74-4-3[1] (herein "wife's interest"). On this appeal, plaintiff disputes only Mrs. Meyer's claim to the wife's interest.

Plaintiff argues that Section 74-4-3 is unconstitutional on the grounds that it constitutes a statutory discrimination based on sex. We have recently held that this statute is not unconstitutional on this ground,[2] but we need not reach the constitutional issues raised by plaintiff.

Plaintiff further argues that Mrs. Meyer cannot claim her wife's interest since it does not vest until the death of her husband;[3] that Mrs. Meyer has relinquished this interest by joining with her husband in the conveyance of the real property;[4] and that she cannot in any event

1. Sec. 74-4-3 provides: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, shall be set apart as her property in fee simple, if she survives him . . . ."

2. In Matter of Estate of Baer, Deceased, Utah, 562 P.2d 614 (1977).

3. Gee v. Baum, 58 Utah 445, 199 P. 680 (1921).

4. In re Madsen's Estate, 123 Utah 327, 259 P.2d 595 (1953). Also see Secs. 57-1-12 and 57-1-13 which in essence state that execution of a warranty or quit-claim deed, respectively, has the effect of conveying all of grantor's right and interest in the property so conveyed. In harmony with this is the widely recognized proposition that the most common way for a wife to release dower or statutory rights in property is by joining with her husband in a properly executed deed. See 28 C.J.S. Dower § 65b(2), p. 141, and the numerous cases cited therein at footnote 11.

claim the proceeds from the sale, but must be apportioned her share out of the real property itself.[5] With these contentions we agree.

The summary judgment entered in favor of the defendants is reversed and this case remanded to the district court for Salt Lake County with instructions to enter judgment in favor of plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

5. *In re Park's Estate*, 31 Utah 255, 87 P. 900 (1906).