State of Utah, In the Interest of S_____J_____, H_____J_____, and S_____J_____, three persons under eighteen years of age.

No. 14985.

Supreme Court of Utah.

March 3, 1978.

Bruce K. Halliday, Monticello, Eric P. Swensen, Mexican Hat, Duane A. Frandsen, Gene Strate, Price, for appellant.

Robert B. Hansen, Atty. Gen., Franklyn B. Matheson, Asst. Atty. Gen., Salt Lake City, F. Bennion Redd, Monticello, for respondent.

HALL, Justice:

This is an appeal by the parents of four minor children from a decree of the juvenile court terminating their parental rights pursuant to the authority contained in U.C.A., 1953, 78–3a–48, the applicable portion of which reads as follows:

(1) The court may decree a termination of all parental rights with respect to one or both parents if the court finds:

(a) That the parent or parents are unfit or incompetent by reason of conduct or condition seriously detrimental to the child; . . . .

Subsequent to the filing of the appeal, the parents withdrew their appeal as to the oldest child, age 14, and the appeal now pertains only to the three remaining children whose ages are 12, 10, and 6 years.

The principal point on appeal is the challenge to the sufficiency of the evidence.

The parents maintain that the evidence fails to support the conclusion that their drinking habits had any detrimental effect upon the children. They further maintain that the court erred procedurally in 1) refusing to exclude witnesses from the courtroom, 2) admitting hearsay, 3) refusing to allow proper cross-examination, and 4) considering facts outside the record.

This family has had a long-term involvement with the juvenile court, the subject children having spent 22 out of 30 months in foster homes and having been taken from and returned to their parents 3 times before the petition was filed which resulted in the decree appealed from. The various placements in foster homes came about by reason of parental neglect occasioned by the acute alcoholism of both parents. The record is voluminous and replete with observations of the parents in various stages of intoxication, including unconsciousness, during which times the three children were without proper care and supervision. There were incidents of public intoxication and arrest therefor, public fighting, driving while intoxicated and an ensuing accident in which one of the minor children sustained substantial injuries requiring hospitalization. A particularly flagrant incident of lack of parental care and concern occurred at a public fireworks display at a time when both parents were extremely intoxicated, one of their minor daughters was repeatedly sexually molested by an adult male in plain view of the general public. This occurred in the general presence of the parents and their intoxication apparently rendered them oblivious or uncaring as to the happening.

The juvenile court attempted to cope with the problems of the parents by returning the children to them on three separate occasions on a trial basis. It enlisted the aid and assistance of the Division of Family Services, its various support groups and school authorities. The caseworkers and others attempted in numerous ways to encourage the parents to modify their lifestyle but the addiction to alcohol thwarted all efforts. The father even appeared in court for one hearing in an intoxicated condition.

This Court has previously recognized that termination of parental rights is a drastic remedy but has acknowledged it to be appropriate when parents fail or refuse to accept an adequate parental role.[1] This is true despite the presumption that it is in the best interest of children to be reared by natural parents, for that presumption may be overcome by a preponderance of the evidence to the contrary.[2]

It is within the discretion of the juvenile court to determine factual matters[3] and it is well established that its determination shall not be overturned absent a clear showing of an abuse of discretion.[4]

In this case the court was in a particularly advantageous position to observe the personalities of all persons involved and to detect the impact of the parents actions and inactions upon the children. Although alcoholism alone may not be sufficient grounds to deprive parents of their children the flagrant misconduct of the parents here could not but have had a serious detrimental effect upon the children which was clearly adverse to their best interests.

■ The facts are ample to support the conclusion that the parents substantially and repeatedly refused or failed to render proper parental care and protection.[5] This is true even though the parents were afforded numerous opportunities to amend their ways and had the aid of the vast supportive services of the Division of Family Services.

1. *In Interest of Winger,* Utah, 558 P.2d 1311 (1976).

2. *State v. Dade,* 14 Utah 2d 47, 376 P.2d 948 (1962).

3. *State in Interest of Salas,* Utah, 520 P.2d 874 (1974).

4. *State in the Interest of K____B____,* 7 Utah 2d 398, 326 P.2d 395 (1958).

5. U.C.A., 1953, 78–3a–48(1)(c).

■ It was also fair and reasonable to further conclude that the rights of the parents were secondary in importance since they were in direct conflict with and contrary to the best interest of the children.[6]

■ In regard to the claims of procedural errors, it is to be observed that juvenile court proceedings are highly equitable in nature, designed to inquire into the welfare of children,[7] are not adversary in the usual sense, and may be conducted in an informal manner.[8] This would therefore allow the court to refuse to exclude witnesses which was claimed as error. The court decided in its discretion that the proceedings would be expedited if everyone to testify were permitted to be present.

■ This informality does not permit, however, the abridgement of basic constitutional provisions of due process such as the opportunity to know, cross-examine, explain or rebut evidence not introduced in open court.[9] Basic rules of evidence should be adhered to in a proceeding of this sort [10] although the application of such rules is within the court's sound discretion.[11] Where it can be shown that his discretion has been abused, and a party has been unfairly prejudiced, the court's decision should be reversed. The parents have not made such a showing on this appeal.

■ As to the claim of admission of hearsay evidence, the parents point to the testimony of two individuals. The foster parent of one of the children testified at the initial hearing and later submitted a written statement as to the child's performance and progress in school. Although this evidence may well be hearsay, the court did not refer to the evidence in his Memorandum Opinion, Findings of Fact and Decree, and it is reasonable to assume he did not consider this evidence in rendering his judgment.[12] The other evidence objected to as hearsay is the testimony of a social worker concerning the automobile accident in which one of the children was injured. This evidence was not hearsay because the witness was testifying as to evidence already part of the record in a prior proceeding in this same case, which resulted in the placement of the child in a foster home. The court took judicial notice of those prior proceedings, which he may do under U.C.A. 78–25–1(3) and as interpreted in State v. Bates, 22 Utah 65, 61 P. 905 (1900). Consequently, the parents' claim that the court erred in refusing to allow proper cross-examination is without merit.

■ The final claim of error challenges the court's consideration of facts alleged to be outside the record. The petitions filed were to terminate parental rights and the evidence admitted reasonably related to appellant's ability to care for their children. The evidence is overwhelming that the parents cannot adequately support and maintain their minor children and on the facts of this case we feel compelled to sustain the court's order.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN and WILKINS, JJ., concur in result.

6. State v. Dade, supra, note 2.

7. U.C.A., 1953, 55–10–105; In re State in Interest of Jennings, 20 Utah 2d 50, 432 P.2d 879 (1967).

8. U.C.A., 1953, 78–3a–33.

9. State v. Lance, 23 Utah 2d 407, 464 P.2d 395 (1970).

10. Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 296 P.2d 298 (1956); In Re Godden, 158 Neb. 246, 63 N.W.2d 151 (1954); In Re Hill, 78 Cal.App. 23, 247 P. 591 (1926).

11. In Re Baxter's Estate, 16 Utah 2d 284, 399 P.2d 442 (1965). Hanks v. Christensen, 11 Utah 2d 8, 354 P.2d 564 (1960).

12. There is a presumption that the trial court, in cases heard without a jury, disregarded evidence improperly received. Christensen v. Johnson, 90 Utah 273, 61 P.2d 597 (1936), citing a long line of cases.