In re K.S., Jr. (02–22–78), K.S. (05–03–79), and B.S. (09–25–80).

**Appeal of K.S., Sr.**

**No. 20933.**

Supreme Court of Utah.

March 31, 1987.

Joseph C. Fratto, Sr., Salt Lake City, for appellant.

David L. Wilkinson, Atty. Gen., Diane Wilkins, Asst. Atty. Gen., Salt Lake City, for respondent.

STEWART, Associate Chief Justice:

K.S., Sr., appellant, is the father of three male children. His parental rights were terminated by the juvenile court pursuant to U.C.A., 1953, § 78–3a–48(1)(a) (1977 ed. and Supp. 1986).[1] The court ruled that appellant is an unfit and incompetent parent because he has abused his sons sexually and because he lacks adequate and necessary parenting skills, despite extensive efforts by the Division of Family Services and other agencies to assist him. We affirm.

The children, K.S., Jr., K.S., and B.S., are nine, seven, and six years old, respectively. Appellant and the boys' mother were married in 1977 and divorced in July 1982. Custody of the boys was awarded to the mother. During the marriage, the parents had a history of abuse and neglect of the boys and of general family violence and discord. The two older boys were in foster care during most of the marriage. The youngest was voluntarily placed in foster care and remained there during most of 1982. Following the divorce, from 1982 through 1984, appellant sporadically visited his children. In 1984, the mother relinquished all parental rights to the children,[2] and in June, 1984, they were again placed in foster care, where they have remained.

Appellant was charged with the sexual abuse of his eldest son in 1980, but that charge was dismissed for insufficient evidence. In June, 1984, the Division of Family Services was again apprised of sexual abuse allegations against appellant, and the Division, following extensive and careful interviews with the boys, decided that appellant had sexually abused one or more of the boys during visits and outings with them. The two older boys stated that their father had engaged them in fellatio and masturbation. The oldest boy stated that his father engaged him in anal sex, and both older boys observed the father having anal intercourse with the youngest. One child reported that his father had put "hot sauce" in his "butt." The boys' testimony concerning sexual abuse was corroborated by medical evidence.

The juvenile court found that the boys suffer serious emotional difficulties as a result of these and other abuses and that since being placed in foster care, they have made physical and psychological progress, although serious problems remain. None of the children expressed a desire to return to their father. Indeed, they demonstrated great anxiety and fear concerning visits with their father and the possibility of returning to live with him. After visits with their father, the boys showed obvious signs of emotional regression. The court concluded that the "abusive conduct of the father has led to the destruction of the parent-child relationship with the boys."

Other evidence from appellant's girlfriend, social workers, and experts showed that over several years, appellant has also failed to contribute to the basic physical, emotional, and economic needs of the chil-

---

1. U.C.A., 1953, § 78–3a–48(1)(a) (1977 ed. and Supp.1986) reads in relevant part as follows:
   (1) The court may decree a termination of all parental rights with respect to one or both parents if the court finds....
   (a) that the parent or parents are unfit or incompetent by reason of conduct or condi-

tion which is seriously detrimental to the child....

2. She has not been involved in the action terminating appellant's rights. The termination of her rights is not involved in and has no effect upon the instant proceeding. U.C.A., 1953, § 78–3a–48(5) (1977 ed. and Supp.1986).

dren. His behavior perpetuates a pattern of disruptive and detrimental marital and family relationships.[3] His record shows repeated physical abuse of others, unstable employment, transient domiciles, avoidance of counseling, and a refusal to follow through with treatment programs. All of this he either denies or excuses. Since 1982, appellant has given the boys only token financial support. Even when the boys were briefly with the father for visits, care for their basic needs was left to others. The boys were often returned from the visits soiled and hungry. Little, if any, bonding or affection was found to have occurred between appellant and his sons.

Since 1980 several agencies, including the Utah State Division of Family Services, L.D.S. Social Services, Granite Mental Health Center, hospitals, and other social and family centers, have offered appellant treatment programs and made numerous efforts to try to preserve the parent-child relationship through counseling and assistance. Appellant resisted meaningful participation in any treatment programs. His performance in such programs was occasional, irregular, and erratic, evidencing no change in parenting habits and only a remote prospect for any future improvement.

Appellant, by his own testimony, disputed this evidence and asserted that he had good parenting skills. His denials, however, are consistent with evidence which shows that he is a person who rationalizes, minimizes, and denies his problems and is defensive and quick to blame others for his misbehavior. For example, he claims that the boys have confused him with their stepfather (their mother's second husband), who also allegedly sexually abused the boys. He also claims that the boys' mother was the source of the marriage and family problems they had while they were married.

Appellant argues that the termination order is not supported by the evidence and that he should have been allowed visitation rights during the pendency of the case to show his ability to rehabilitate his parenting skills. After careful review of the record we find no reason to disturb the juvenile court's findings and decision.

■ The parent-child relationship is constitutionally protected, and termination of that relationship is a drastic measure to be used only when the evidence is clear and convincing that the parent is unable or unwilling to perform the duties and responsibilities of a parent. *In re A.H.*, 716 P.2d 284, 287 (Utah 1986); *In re J.P.*, 648 P.2d 1364, 1377 (Utah 1982); *In re Castillo*, 632 P.2d 855, 857 (Utah 1981). Although it is the welfare of the child that the law seeks to protect, the Due Process Clause requires that a finding of unfitness of the parent or of the parent's abandonment or substantial neglect be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 748, 769–70, 102 S.Ct. 1388, 1391, 1403, 71 L.Ed.2d 599 (1982); *In re J.P.*, 648 P.2d at 1375. We think the evidence was compelling under any standard of review to support the determination of the juvenile court.

■ The juvenile court ruled that pursuant to § 78–3a–48(1)(a), appellant is "unfit or incompetent [to be the boys' parent] by reason of conduct or condition which is seriously detrimental to the child." To support a termination order, the parent's conduct or condition must be a "substantial departure from the norm." *In re P.L.L.*, 597 P.2d 886, 888 (Utah 1979); *In re E. and B.*, 578 P.2d 831, 834 (Utah 1978); *In re Walter B.*, 577 P.2d 119, 121 (Utah 1978); *State v. McMaster*, 259 Or. 291, 304, 486 P.2d 567, 573 (1971). We do not mean by that that only those parents are fit who are deemed to live orthodox life-styles according to general societal conventions. Ours is a pluralistic society, but that does not mean that the law is nihilistic. It is rudimentary that children require the necessities to survive physically; but more than that, children are entitled to the care of an adult who cares enough to provide the child with the opportunity to form psy-

---

**3.** Appellant married his girlfriend in 1983, but that marriage was annulled in December 1984. During extended periods of visitation, she was left with the responsibility of feeding and caring for the boys.

chological bonds, in addition to the physical necessities of life. An unfit or incompetent parent is one who "substantially and repeatedly refuse[s] or fail[s] to render proper parental care and protection." *In re S.J., H.J., and S.J.*, 576 P.2d 1280, 1282 (Utah 1978).

■ Using these criteria as our guidelines, we are compelled to affirm the parental rights termination order in this case. Ample evidence supports the finding of the juvenile court that appellant perpetrated multiple acts of sodomy upon his sons. Appellant's conduct was confirmed by the two older boys in interviews with the court in chambers and supported by other evidence in open court. The witnesses, as well as the juvenile court judge, were careful to avoid possible confusion between appellant's conduct and the abuses charged against the stepfather. Sexual abuse of this magnitude has substantial weight in assessing fitness of a parent. *Cf. In re Christine F.*, 6 Conn.App. 360, 505 A.2d 734 (1986); *In re B.M.P.*, 704 S.W.2d 237 (Mo.Ct.App.1986); *In re C.A.R. and P.J.R.*, 693 P.2d 1214 (Mont.1984); *In re James A.*, 505 A.2d 1386 (R.I.1986); *In re G.P., J.P., and S.P.*, 679 P.2d 976 (Wyo.1984); Annot., 58 A.L.R.3d 1074 (1974). *See also* Ind.Stat. Ann. § 31–6–5–4.1(a)(7), (9) (Burns 1980 and Supp.1986); Me.Rev.Stat.Ann. 22 § 4055 (1980 ed. and Supp.1986).

Furthermore, we cannot ignore the failure of K.S., Sr., given his substantial inadequacy as a parent, to participate meaningfully in, and follow through with, corrective rehabilitation programs to equip himself to contribute to the basic physical, emotional, and economic needs of the children over an extended period of time. The court's finding that appellant lacks parenting abilities is clearly supported by the evidence.

■ We need not discuss at length appellant's second argument, that he should have been allowed visitation rights during the pendency of his case. The evidence clearly shows that over a period of several years, appellant failed or refused to rectify his detrimental conduct. We see no abuse of discretion in denying appellant visitation rights under the circumstances of this case.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

