GUIDRY, Judge.
The State of Louisiana brought this action to terminate the parental rights of Mrs. Lisa Cowans with respect to her seven year old daughter, Cherice Gogreve, under the provisions of La.R.S. 13:1601 et seq. The trial court terminated parental rights and Mrs. Cowans appealed.
Cherice Gogreve has been in the custody of the Department of Social Services (formerly Department of Health and Human Resources) since February 2, 1986. She was initially taken into custody on an ex parte order based on representations that Mr. and Mrs. Cowans were living in a pickup truck in a wooded area in Vernon Parish hiding from authorities. Mrs. Cowans was incarcerated and in March of 1986, Cherice was adjudicated a child in need of care and placed in foster care. On June 19, 1986, Mrs. Cowans was sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence for armed robbery and conspiracy to commit armed robbery. Subsequently, on March 30, 1988, Mrs. Cowans pled guilty to manslaughter and was sentenced to 21 years at hard labor, this sentence to run concurrent with her prior sentence. Mrs. Cowans is presently serving her sentence at St. Gabriel Correctional Institute for Women. Cher-ice’s father is unknown.
When taken into custody, Mrs. Cowans provided Social Services with a list of relatives who she recommended for care of Cherice. Only one couple on the list agreed to take Cherice. However, following an investigation, Social Services recommended against placement of Cherice with that couple and the trial court agreed. On August 21, 1986, Social Services received a letter from Mrs. Cowans suggesting placement of Cherice with another relative, Patricia Belavich McCall. Between 1986 and 1988, three homestudies were done on Mrs. McCall. The first two studies resulted in a negative recommendation by Social Services and in the third the Department made no recommendation.
On June 6, 1988, the State filed the present petition to terminate parental rights. A hearing in the matter was held on August 3, 1988. Following the hearing, the trial court decreed that Mrs. Cowans’ parental rights be terminated. The trial judge concluded that “almost beginning with Section B ... right on through SubSection E, that the State has proven by clear and convincing evidence every element indicating that this child should be removed”.
Mrs. Cowans appeals urging error as follows: (1) notice was not properly given under La.R.S. 13:1601(G); (2) placement of Cherice with the McCalls is an appropriate plan under La.R.S. 13:1601(E)(2); and, (3) the expert testimony did not satisfy La.R.S. 13:1601(E)(4). We find no merit in any of these contentions and affirm.
NOTICE
La.R.S. 13:1601(G) reads as follows:
“G. (1) Each person who is incarcerated in a state penal institution in this state shall be given and allowed to keep the following notice within forty-eight hours after incarceration:
“Louisiana law provides that your rights as a parent can be permanently terminated under certain circumstances. When parental rights are terminated, a parent loses all rights to visit, have custody of, or make any decisions or exercise any control over his or her minor child, or children.
Your parental rights may be permanently terminated if, after notice by the Department of Health and Human Resources, you fail to provide a plan for appropriate care for your minor child or children during the period of your incarceration.
Please refer to Louisiana Revised Statutes 13:1600 to 1605, especially 1601(E), for the details of Louisiana law on termination of parental rights.”
A copy of La.R.S. 13:1600-1605 shall be attached to the above statement. The superintendent of each penal institution shall keep a signed and dated receipt from each prisoner indicating that he has received and understands the above statement and law. This receipt shall be *969 attached to the permanent file of each prisoner.”
Mrs. Cowans alleges that although notice was given, she was not allowed to keep it as required by the statute. Further, she urges that, since her rights as the natural parent are involved, the court should not have terminated her rights unless all statutory requirements were strictly complied with. The only evidence that Mrs. Cowans was not allowed to keep the notice served upon her pursuant to Section 1601(G) is her own self-serving testimony. On the other hand, there is proof that Mrs. Cowans received the notice when transferred to St. Gabriel as is reflected by a signed receipt introduced in evidence. Further, the record reflects that Mrs. Cowans was fully aware of her rights under La.R.S. 13:1601 in that even before she signed the receipt evidencing notice, she proposed an alternative plan of foster care for Cherice which was investigated by the Department. Presumably, the trial court attached no credibility to Mrs. Cowans’ testimony that the notice was taken from her. We do not find manifest error in the trial court’s conclusion that appellant was afforded notice strictly in compliance with R.S. 13:1601(G).
THE PLAN SUBMITTED BY APPELLANT
La.R.S. 13:1601(E) sets forth the criteria for termination of the parental rights of incarcerated persons as follows:
“E. (1) The child has been in the custody of the Department of Health and Human Resources for a period of at least two years.
(2) The department was granted custody of the child and continued holding custody of the child due to the incarceration of the parent in a state or federal penal institution and the parent’s refusal or failure to provide a plan for appropriate care for the child, other than foster care, after notice by the Department of Health and Human Resources.
(3) There is no reasonable expectation of the parent’s release for at least five additional years.
(4)Expert testimony establishes that termination of parental rights and adoption are in the child’s best interests.”
Mrs. Cowans does not contest the court’s findings with regard to Section 1601(E)(1) and (3) but urges that placement of Cherice with the McCalls is an appropriate plan under subsection (2). After reviewing the homestudies and listening to the testimony of Loretta Cooley of Social Services and Mr. and Mrs. McCall, the learned trial judge concluded that Mrs. Cowans’ proposal would not provide Cherice with appropriate care. We agree.
The first two homestudies of the McCall home by Social Services resulted in well documented negative recommendations. The third homestudy done by Social Services makes no recommendation. Rather, the study lists the advantages and disadvantages of the McCall home and its suitability for placement of Cherice. Among the positive factors favoring placement with the McCalls were the facts that Cherice had lived with them before; Mrs. McCall knew Mrs. Cowans and her relatives and would allow visits with Cherice; Mr. and Mrs. McCall appeared to be firmly committed to providing a permanent home for Cherice and had sufficient space in their home for her; and, Mrs. McCall did not work and would have time to devote to Cherice. The factors militating against placement with the McCalls were the facts that Mr. and Mrs. McCall are not blood relatives of Cherice which, according to the Department, usually leads to a breakdown of the placement; the McCalls’ lack of the financial ability to care for Cherice; Mrs. McCalls’ preoccupation with her son who was then incarcerated; and, the failure of the McCalls to remain in contact with Cher-ice after her placement in foster care. Additionally, the record reflects that Mr. McCall received a dishonorable discharge from the Navy and the parties had been married less than two weeks before the hearing.
Considering the record in its entirety, we cannot discern clear error in the trial court’s conclusion that the plan submitted *970 by appellant was not an appropriate plan for care for Cherice.
EXPERT TESTIMONY
Finally, Mrs. Cowans asserts that the testimony of psychologist, Dr. David Post, did not satisfy the requirements of Subsection (E)(4) because he did not specifically state that her parental rights should be terminated. Dr. Post testified that it would be in Cherice’s best interest to be adopted. The fact that Dr. Post recommended adoption necessarily implies a recommendation that parental rights be terminated. Therefore, it is irrelevant that he did not specifically state that parental rights should be terminated.
For the reasons stated, we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.