**STATE of Utah in the Interest of M.S., a person under the age of eighteen years,**

v.

**Michael SALATA, Appellant.**

**No. 900193–CA.**

Court of Appeals of Utah.

Feb. 28, 1991.

Kim Rilling (argued), Rilling & Associates, Salt Lake City, for appellant.

R. Paul Van Dam, State Atty. Gen., Carol L.C. Verdoia (argued), Asst. Atty. Gen., for the State of Utah.

1. The parental rights of M.S.'s mother have also been terminated, but her appeal of that termination has not been consolidated in this case.

Arnold G. Gardner, Jr. (argued), Salt Lake City, Guardian Ad Litem.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

BENCH, Judge:

Michael Salata appeals from an order of the juvenile court terminating his parental rights to M.S., his young child.[1] We affirm.

Salata suffers from schizophrenia, which has afflicted him for at least sixteen years. His condition includes "anti-social traits," and he has been repeatedly incarcerated. When not incarcerated or hospitalized, he has occasionally been homeless. Although Salata has submitted to voluntary hospitalization at least four times, he generally resists attempts to treat his illness and sees them as unwarranted interferences with his life.

In 1987, Salata lived with a woman and fathered M.S. After birth, M.S. lived with Salata for several months, but was removed from Salata's custody after workers from the Division of Family Services observed unsanitary conditions and a lack of parental care. Three treatment plans were developed with the objective of reuniting M.S. and Salata, but Salata did not fulfill his commitments under the plans.

The juvenile court found that Salata's mental illness manifests itself in

(1) A pattern of blaming others for his misfortunes and an almost complete inability to recognize any deficiencies in his lifestyle choices or parenting abilities.

(2) A persistent denial of any justification for state intervention on behalf of his child over a two-year period with a fixed perception of all rehabilitation efforts by state workers as unnecessary interference and requirements for changes in parenting behavior as illicit "blackmail" imposed as conditions for return of his child.

We therefore do not consider the grounds for terminating her rights in resolving Salata's appeal.

(3) A rejection of the advi[c]e of all professionals to whom he has been referred including a refusal to take prescribed medications on a consistent basis. Mr. Salata has repeatedly stated he does not need medication and ... believes his judgment to be superior to that of the medical professionals as to the appropriateness of medications.

(4) Unpredictable behavior and severe mood swings from apparent normalcy and rational conversation to biz[arre] and irrational behavior and thought processes, with the latter at times accompanied by violent and a[g]gressive outbursts followed by a posture of almost complete detachment from the behavior or its consequences.

Based on these findings, the juvenile court terminated Salata's parental rights to M.S. pursuant to Utah Code Ann. § 78–3a–48(1)(a) (1987), primarily on the grounds that Salata was unfit or incompetent as a parent. On appeal, Salata asserts that the juvenile court erred in admitting hearsay and lacked adequate justification for terminating his parental rights.

## Admission of Hearsay

■ Salata argues that the juvenile court considered inadmissible hearsay in reaching its findings. However, Salata's brief does not point to a specific instance in which alleged hearsay was admitted as evidence,[2] nor does he cite the record as required by Utah R.App.P. 24(a) to support his vague claim of hearsay. *See Demetropoulos v. Vreeken*, 754 P.2d 960, 961 (Utah Ct.App.1988); *Koulis v. Standard Oil Co. of Cal.*, 746 P.2d 1182, 1184 (Utah Ct.App. 1987). Salata also fails to refer at all to the rule of evidence against admitting hearsay, to the definition of hearsay, or to any cases resolving hearsay issues. Salata's failure to specify in his brief an instance of alleged error by the trial court and his failure to refer to relevant authority leave his argument on hearsay unsupported, and

we decline to consider it. *See State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) ("A brief must contain some support for each contention. Wareham's brief totally fails to provide any reasons to support [his] contention.... We therefore must disregard this issue.").

### Grounds for Terminating Parental Rights

The remaining issues that Salata has raised essentially challenge the sufficiency of the basis for terminating his parental rights. His challenge begins with a recapitulation of the facts, which, though detailed, makes no mention of the trial court's findings, even though we necessarily begin our factual analysis with those findings. *See Ashton v. Ashton*, 733 P.2d 147, 150 (Utah 1987). In reviewing findings, this court applies the clearly-erroneous standard of Utah R.Civ.P. 52(a), and thus, does not disturb the findings unless the appellant marshals the evidence in support of the findings and shows from it that the findings are "clearly erroneous, *i.e.*, ... against the clear weight of the evidence." *State ex rel. P.H. v. Harrison*, 783 P.2d 565 (Utah Ct.App.1989) (quoting *In re J.R.T.*, 750 P.2d 1234, 1236 (Utah Ct.App. 1988)); *see also State ex rel. M.W.H. v. Aguilar*, 794 P.2d 27, 29 (Utah Ct.App. 1990). This deference to the trial court's findings is based on recognition of its "advantaged position with respect to the parties and the witnesses." *Robertson v. Hutchison*, 560 P.2d 1110, 1112 (Utah 1977).

■ In this case, Salata has not adequately marshaled the relevant evidence and, in any event, the findings are not clearly erroneous. Even though Salata's version of the facts is not devoid of evidentiary support, the findings are nevertheless not "against the great weight of evidence" and do not "definitely and firmly convince [us] that a mistake has been made."

---

**2.** In oral argument, Salata's counsel mentioned briefly that the initial reports to the Division of Family Services were hearsay. Such evidence would appear to be admissible to show how the case came to the Division's attention. However, even if the referrals were erroneously admitted as evidence of Salata's parental faults, their admission was harmless in view of other substantial evidence that was properly admitted.

*Bountiful v. Riley,* 784 P.2d 1174, 1175 (Utah 1989). We therefore accept the facts as found by the juvenile court, and proceed to examine whether those facts justify the termination of Salata's parental rights.

Salata's parental rights were terminated under Utah Code Ann. § 78–3a–48(1)(a) (1987), which enables the juvenile court to terminate the rights of a parent who is "unfit or incompetent by reason of conduct or [a] condition which is seriously detrimental to the child." We recognize that termination of parental rights "is a drastic remedy [and] should be resorted to only in extreme cases." *In re Winger,* 558 P.2d 1311, 1313 (Utah 1976). Further, "every reasonable effort should be made to preserve the family unit." *P.H.,* 783 P.2d at 569. Accordingly, Salata's parental rights may be terminated only if his conduct is a "substantial departure from the norm," *In re K.S.,* 737 P.2d 170, 172 (Utah 1987), and he "substantially and repeatedly refuse[s] or fail[s] to render proper parental care and protection." *Id.* at 173 (quoting *In re S.J., H.J., & S.J.,* 576 P.2d 1280, 1282 (Utah 1978)); *see also State ex rel. C.Y. v. Yates,* 765 P.2d 251, 255 (Utah Ct.App.1988). The findings in this case indicate that these criteria have been satisfied.

■ Salata emphasizes, however, that his parental rights may be terminated only if his "conduct or condition . . . is seriously detrimental to the child," *see* Utah Code Ann. § 78–3a–48(1)(a) (1987), and that the State must demonstrate a causal nexus between his conduct or condition and detriment to the child. The existence of such a causal nexus is, however, a question of fact. *See Ostler v. Albina Transfer Co., Inc.,* 781 P.2d 445, 451 (Utah Ct.App.1989); *Sampson v. Richins,* 770 P.2d 998, 1006 (Utah Ct.App.1989). The juvenile court made detailed findings to the effect that Salata's personal problems had caused serious detriment to M.S., and would continue to do so if Salata and M.S. were reunited. Since these findings are not clearly erroneous, the fact of causation was adequately established.

■ Salata also points out that even if he is unfit as a parent and his unfitness caused detriment to M.S., his parental rights should not be terminated unless his conduct or condition "cannot be corrected, after notice and opportunity, with reasonable efforts of assistance." *In re S.R.,* 735 P.2d 53, 56 (Utah 1987); *State v. Lance,* 23 Utah 2d 407, 464 P.2d 395 (1970); *P.H.,* 783 P.2d at 570–72; *J.R.T.,* 750 P.2d at 1237–38; *In re M.A.V. v. Vargas,* 736 P.2d 1031, 1034 (Utah Ct.App.1987); *see also In re Walter B.,* 577 P.2d 119, 124 (Utah 1978). However, efforts to improve Salata's parenting are not required "where they would clearly be futile." *M.A.V.,* 736 P.2d at 1035. Parental "rehabilitation is a two-way street which 'requires commitment on the part of the parents, as well as the availability of services from the State.' " *P.H.,* 783 P.2d at 572 (quoting *In re J.C.O. v. Anderson,* 734 P.2d 458, 463 (Utah 1987)).

■ Salata has resisted the efforts of the Division of Family Services to assist him and his family. The Division formulated three written plans to assist Salata in ameliorating his serious parenting deficiencies. Salata has not challenged the reasonableness of the plans. Under these plans, he agreed to take prescribed medication, to participate in mental health treatment and parenting training, and to maintain a stable residence. Despite the benefits the plans would likely have yielded in improving his parenting abilities, Salata has defiantly and at times forcibly opposed the Division's efforts to help him. Therefore, the juvenile court did not clearly err in concluding that the Division has done what it could, that further efforts by the Division would be futile, and that Salata's parenting deficiencies were severely detrimental to M.S. and intractable.

The findings and judgment of the juvenile court are affirmed.

GREENWOOD and ORME, JJ., concur.