STATE of Utah In the Interest Of E.H. (08–09–85), J.H. (01–05–88), A.H. (12–06–88),

v.

**A.H., Appellant.**

No. 930250–CA.

Court of Appeals of Utah.

Aug. 12, 1994.

---

**12**

L.G. Cutler, Salt Lake City, for appellant.

Jan Graham and Carol L.C. Verdoia, Salt Lake City, for State.

Ann Wassermann, Salt Lake City, guardian ad litem.

Before BENCH, BILLINGS and GREENWOOD, JJ.

BENCH, Judge:

Appellant challenges the juvenile court's order terminating his parental rights to his

minor children, E.H., J.H., and A.H. We affirm.

## FACTS

In March 1990, the children's mother left the three children with her former foster mother. In April 1990, the Division of Family Services (DFS) placed the children in protective care because the mother's former foster mother became too ill to care for the children. At that time, appellant was incarcerated in California awaiting trial in a criminal matter. DFS filed a petition seeking custody of the children, alleging the mother had neglected the children and appellant was unavailable to parent the children due to his incarceration.

Over the next two years, DFS developed four separate treatment plans for the mother, attempting to reunite her with the children. The mother failed each of these plans and deserted the children completely for over ten months in 1991. During this time, appellant was convicted of voluntary manslaughter and attempted murder. He was sentenced to eighteen years and four months in California prison, with the earliest possible release date being October 14, 1999. Thereafter, DFS filed a petition to terminate the parental rights of both the mother and appellant, alleging that they were unfit under Utah Code Ann. § 78–3a–48(1)(a) (1992). Following a trial, the juvenile court terminated parental rights to both the mother and appellant. Appellant challenges the juvenile court's order.

## ISSUES

Appellant raises the following issues: (1) whether a parent is entitled to effective assistance of counsel when defending against a petition to terminate parental rights; and (2) whether he received effective assistance of counsel.[1]

## ANALYSIS

### Effective Assistance of Counsel

Appellant argues that Utah Code Ann. § 78–3a–35(2)(a) (1992), which provides

1. Appellant also argues that the trial court erred by entering a finding and conclusion disputing his paternity of the three children. We need not reach this issue since we assume, for purposes of this appeal, that appellant was the biological father of the children.

parents with counsel in juvenile proceedings, implies that such counsel must be effective. We agree.

Section 78–3a–35(2)(a) provides, in pertinent part:

> Parents, guardians, the child's custodian, and the child, if old enough, shall be informed that they have the right to be represented by counsel at every stage of the proceedings. They have the right to employ counsel of their own choice and, if any of them requests an attorney and is found by the court to be indigent, counsel shall be appointed by the court.

*Id.* Although this section does not expressly state that counsel must be effective, the statute would be meaningless or illusory if it guaranteed only ineffective assistance of counsel. The legislature's omission of "effective" should not be read to suggest an intent to provide only ineffective assistance of counsel. In fact, Utah courts have a duty to interpret statutes so that they will not be rendered meaningless. *See Olympia Sales Co. v. Long,* 604 P.2d 919, 921 (Utah 1979); *see also Jerz v. Salt Lake County,* 822 P.2d 770, 773 (Utah 1991) ("It is our duty to construe each act of the legislature so as to give it full force and effect."). Thus, we believe that section 78–3a–35(2)(a) implicitly guarantees effective assistance of counsel in this proceeding to terminate appellant's "fundamental right" of parenting his children. *See In re J.P.,* 648 P.2d 1364, 1377 (Utah 1982); *In re Castillo,* 632 P.2d 855, 856 (Utah 1981).

██ Since we hold that appellant is entitled to effective assistance of counsel, we must adopt a standard for determining counsel's effectiveness in representing parents in termination proceedings. In criminal cases, Utah courts have applied the test set out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) to decide a claim of ineffective assistance. *See, e.g., State v. Hay,* 859 P.2d 1, 5 (Utah 1993). To successfully challenge a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the case. *Id.* We see no reason for changing this standard in the present context.[2] ﹒We therefore adopt the *Strickland* test to determine a claim for ineffective assistance of counsel in proceedings involving termination of parental rights.

### Prejudice

Appellant argues that he received ineffective assistance of counsel, alleging that his counsel's performance was deficient and prejudicial. Appellant argues that, absent counsel's deficient performance, there exists a reasonable likelihood that his parental rights would not have been terminated. Because we hold that appellant has not satisfied his burden of showing prejudice, we need not determine whether trial counsel's performance was deficient. *See Fernandez v. Cook,* 870 P.2d 870, 877 (Utah 1993) (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069); *State v. Frame,* 723 P.2d 401, 405 (Utah 1986).

Appellant cites *In re M.W.H. v. Aguilar,* 794 P.2d 27 (Utah App.1990) to support his claim that "incarceration alone is not sufficient to support the permanent termination of parental rights."[3] *Aguilar,* however, was decided under a theory of abandonment, while the present case involves a termination proceeding under a theory of unfitness. The bases for the two theories may differ significantly. For example, appellant argues that

---

2. Appellant urges us to adopt the standard described in *State ex rel. Juvenile Dep't v. Geist,* 310 Or. 176, 796 P.2d 1193 (1990). We believe that *Geist* essentially adopts the *Strickland* test in holding that the parent must show inadequate performance by counsel and that the inadequacy prejudiced the parent's case. *Id.* 796 P.2d at 1204. We note, however, that *Geist* correctly indicates that a parent is obligated to make all challenges to the adequacy of appointed trial counsel on direct appeal. *Id.* 796 P.2d at 1201. This differs from the criminal context, where a defendant who believes his or her counsel was ineffective may also file a habeas corpus action. To allow habeas corpus challenges in termination proceedings would unacceptably require that children remain indefinitely in temporary foster care. *Id.*

3. Appellant makes several other arguments, most of which deal with the paternity issue or the deficient-performance prong of the *Strickland* test. These arguments are irrelevant to the prejudice prong.

there would have been a reasonable likelihood that his parental rights would not have been terminated if his counsel had argued that he made monthly contacts to DFS to inquire of his children. Parental contact is a significant consideration under an abandonment theory, but not under an unfitness theory. In the present case, appellant's parental rights were terminated under an unfitness theory. *See* Utah Code Ann. § 78–3a–48(1)(a) (1992). Since appellant's parental rights were terminated under an unfitness theory, we reject appellant's argument that his counsel's failure to present his monthly contacts with DFS prejudiced his case.

■ The juvenile court terminated appellant's parental rights under Utah Code Ann. § 78–3a–48(1)(a) (1992), which provides, in pertinent part: "The court may decree a termination of all parental rights with respect to one or both parents if the court finds ... that the parent or parents are unfit or incompetent by reason of *conduct or condition which is seriously detrimental to the child." Id.* (emphasis added). Appellant was convicted of voluntary manslaughter and attempted murder. Appellant's violent conduct led to his eighteen-year prison sentence, a condition that is seriously detrimental to children in need of permanency. *See In re K.S.*, 737 P.2d 170, 172 (Utah 1987) (termination is proper when parent is *"unable* or unwilling to perform the duties and responsibilities of a parent")* (emphasis added). The juvenile court stated that appellant was unavailable to parent the children until at least 1999, nearly eight years from the termination, and that "[t]he children are in need of permanency and neither parent is likely to be able to provide permanency for any of the children in the foreseeable future." Based upon appellant's lengthy unavailability to

parent the children, we cannot say that the juvenile court abused its discretion in terminating appellant's parental rights. *See State ex rel. J.R.T. v. Timperly,* 750 P.2d 1234, 1236 (Utah App.1988).[4] Therefore, we affirm the juvenile court's order and hold that appellant failed to satisfy his burden of showing prejudice.

### CONCLUSION

Section 78–3a–35(2)(a) implicitly guarantees that appointed counsel for parents in termination proceedings must be effective. To measure the effectiveness of appointed counsel, we adopt the *Strickland* test. Appellant failed to prove that his counsel's actions prejudiced his case under the *Strickland* test. The judgment of the juvenile court is therefore affirmed.

Judith M. BILLINGS and GREENWOOD, JJ., concur.

---

4. Several states have allowed for the termination of parental rights when a parent is incarcerated for a lengthy period of time. *See, e.g., In re Melkonian,* 152 Cal.App.2d 250, 313 P.2d 52, 53 (1957) (terminating parental rights was proper where father's conviction of manslaughter on two counts provided that he would be in prison for a lengthy period and child would be deprived of normal home life); *In re Gogreve,* 556 So.2d 967, 969 (La.Ct.App.1990) (terminating parental rights was proper where mother was sentenced to fifty years with no reasonable expectation of release for at least five years); *In re Hurlbut,* 154

Mich.App. 417, 397 N.W.2d 332, 334 (1986) (terminating parental rights was proper where father's conviction of first-degree murder provided that he would be in prison for lengthy period and child would be deprived of normal home for over two years).

Utah's statute was recently amended to include incarceration as a consideration in terminating parental rights on grounds of unfitness. *See* Utah Code Ann. § 78–3a–408(2)(f) (Supp.1993). This statute, however, was not in effect during the relevant period of time in the present case.