246 P.3d 530 (2011)
2011 UT App 5
STATE of Utah in the interest of M.G., a person under eighteen years of age.
M.G., Appellant,
v.
State of Utah, Appellee.
No. 20100844-CA.
Court of Appeals of Utah.
January 6, 2011.
*531 Colleen K. Coebergh, Salt Lake City, for Appellant.
Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.
Sheleigh A. Harding, Salt Lake City, Guardian Ad Litem.
Before Judges DAVIS, McHUGH, and ROTH.

MEMORANDUM DECISION
PER CURIAM:
¶ 1 M.G. (Father) appeals the termination of his parental rights to his son, also named M.G. The juvenile court may "terminate all parental rights with respect to a parent if it finds any one of the" grounds enumerated in Utah Code section 78A-6-507. Utah Code Ann. § 78A-6-507(1) (2008). "In reviewing a decision to grant or deny a termination petition, we will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." In re D.B., 57 P.3d 1102, 1103 (citations and internal quotation marks omitted).
¶ 2 At the close of the first day of trial and after all parties had rested, the Guardian Ad Litem and defense counsel challenged the sufficiency of the evidence to support a best interests determination because there was no evidence presented from a foster parent or other source demonstrating that M.G. fit in with the foster family, that he was bonded to the foster family, or that the foster family wished to adopt him. The juvenile court stated that the two alternatives would be to dismiss the petition, which would require the State to refile the petition, or to "allow both parties the opportunity to put on additional evidence and not dismiss the petition." The juvenile court selected the latter course, stating that "this is a court of equity" and that the court had the flexibility to allow additional testimony.
¶ 3 Father argues that the juvenile court abused its discretion by reopening the case to receive additional testimony on best interests. Although the State's handling of the case on the first day of trial is troubling, Father's assertion of an improper motive is entirely speculative. Father asks this court to remand the case with instructions "to disregard the last day of testimony" and direct the juvenile court to enter a decision based only on the first day of trial. Father essentially argues that the juvenile court was required to dismiss the petition, rather than reopening the case to receive additional evidence. Because the juvenile court is a court of equity charged with acting in the best interests of the children within its jurisdiction, the court did not abuse its discretion by allowing all parties to present additional evidence on the best interests prong. See In re S.J., 576 P.2d 1280, 1283 (Utah 1978) (stating that "juvenile court proceedings are highly equitable in nature, designed to inquire into the welfare of children"); see also In re *532 C.D.H., 2006 UT App 140, 2006 WL 948248 (mem.). It was within the sound discretion of the juvenile court to allow all parties to present additional evidence to enable the juvenile court to make an informed determination of M.G.'s best interests. Furthermore, reversal of the juvenile court decision as a sanction against the State is clearly inappropriate.
¶ 4 The juvenile court concluded that the State established two separate grounds for termination. First, the court concluded that due to Father's criminal behavior and resulting incarcerations throughout most of M.G.'s life, he was unavailable to care for M.G., had no significant relationship with him, and had neglected M.G. Father obtained a clarification to reflect that he spent four months providing care for M.G. after the child's birth, but he did not dispute that he lacked any significant relationship with M.G. The juvenile court found that Father's choice to engage in felonious criminal activity on multiple occasions resulted in incarceration for most of M.G.'s life and prevented him from being available to parent, support, or care for M.G. On appeal, Father does not challenge any specific findings and simply asserts that he has addressed his parenting deficiencies by completing drug treatment while incarcerated. Father argues that the State did not prove the specific factors identified in Utah Code section 78A-6-508(2). See Utah Code Ann. § 78A-6-508(2) (Supp. 2010). That statute describes evidence that a court "shall consider" in making a determination of neglect, but it does not limit the court to that evidence. See id. Father's lengthy incarceration for all but four months of M.G.'s life resulted in M.G. having no significant relationship with Father and rendered Father unable "to perform the duties and responsibilities of a parent," In re D.B., 2002 UT App 314, ¶ 12, 57 P.3d 1102. The determination that Father neglected M.G. is amply supported and establishes a requisite ground for termination.
¶ 5 As a separate ground for termination, the juvenile court concluded that due to Father's incarceration, M.G. was deprived of his normal home for more than one year. Utah Code section 78A-6-508(2)(e) allows a juvenile court determining parental neglect or unfitness to consider "whether the parent is incarcerated as a result of a conviction of a felony, and the sentence is of such a length that the child will be deprived of a normal home for more than one year." Utah Code Ann. § 78A-6-508(2)(e). The juvenile court acknowledged case law holding that a child who is not in the custody of the Division of Child and Family Services is not deprived of his or her usual home. See In re D.B., 2002 UT App 314, ¶ 11, 57 P.3d 1102. However, the juvenile court in this case ruled that the home where M.G. resided with his mother under the protective supervision of DCFS and jurisdiction of the juvenile court was not a "normal" home for M.G. We need not reach the issue in this appeal where an alternative ground is demonstrated and supported. See Utah Code Ann. § 78A-6-507(1) (stating the juvenile court may "terminate all parental rights with respect to a parent if it finds any one of the" grounds enumerated in Utah Code section 78A-6-507).
¶ 6 Accordingly, we affirm.