2011 UT App 367

STATE of Utah, in the interest of M.A., A.A., and C.A., persons under eighteen years of age.

A.M., Appellant,

v.

State of Utah, Appellee.

No. 20110764–CA.

Court of Appeals of Utah.

Oct. 27, 2011.

Brent Salazar–Hall, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, THORNE, and VOROS.

## DECISION

PER CURIAM:

¶ 1 A.M. (Mother) appeals the termination of her parental rights to three of her children. On appeal, Mother contends that the evidence was insufficient to support (1) any ground for termination, (2) the determination of the best interests of the child, and (3) the determination that the Division of Child and Family Services (DCFS) made reasonable efforts to reunify Mother with her children.

¶ 2 The juvenile court ruled that Mother is an unfit or incompetent parent, pursuant to Utah Code section 78A–6–507(1)(c); that the children are being cared for in an out-of-home placement and Mother has substantially neglected, willfully refused, or has been unable or unwilling to remedy the circumstances that caused removal and there is a substantial likelihood that she will not be capable of exercising proper and effective parental care in the near future, pursuant to Utah Code section 78A–6–507(1)(d); and that Mother has experienced a failure of parental adjustment by being unable or unwilling to correct the circumstances that led to placement outside the home, pursuant to Utah Code section 78A–6–507(1)(e). *See* Utah Code Ann. § 78A–6–507(1)(c)–(e) (2008). The juvenile court also concluded that DCFS made reasonable efforts to reunify Mother with the children. Having determined that grounds for termination existed, the juvenile court found that termination of parental rights to allow them to be adopted was in the best interests of the children. The court found that the children were in need of stability and protection from abuse and neglect and that they were residing in a legal risk placement where their needs were being met.

¶ 3 The juvenile court "may terminate all parental rights with respect to a parent if the court finds any one of" the grounds enumerated in Utah Code section 78A–6–507. *Id.* We need only determine that the evidence was sufficient to support one of the grounds for termination. *See In re D.B.*, 2002 UT App 314, ¶ 13 n. 4, 57 P.3d 1102. We will overturn the juvenile court's decision "only if it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶ 4 Mother has not identified any specific deficiencies in the evidence, but she claims that the evidence was insufficient to support any ground for termination. Mother asserts that she made progress on the service plan and participated in three sessions of parent-child interaction therapy. However, the evidence in the record demonstrates that Mother made no meaningful progress on the objectives of the service plan, including those objectives that would enable her to gain basic life skills, meet the children's needs, and manage her mental illness. Throughout the case, she failed to consistently take medication or attend therapy to address her mental health issues. She commenced English and parenting classes only in April and May 2010, after reunification services had been terminated and the children's permanency goal was changed to adoption. Although Mother had rent-free housing, she remained financially unstable. Even with the services DCFS and other community partners provided, Mother was barely able to meet her own needs. She had not completed a parenting class and did not acknowledge problems with her parenting and the resulting impact on the children. The juvenile court's determinations that Mother had failed to address the circumstances that led to the placement of the children in an out-of-home placement and that there was no substantial likelihood that she would be capable of exercising proper and effective parental care in the near future are supported by sufficient evidence.

¶ 5 Mother also makes no argument in support of her assertion that the best interests determination was not supported by sufficient evidence. Given the children's need for stability and protection from abuse and neglect, as well as their need for continued therapy and medication, the district court's findings that Mother remained unable to provide the stability and protection that the children need and that the best interests of the children would be served by allowing their adoption into a home where they will be secure, stable, loved, and protected from neglect and abuse are also supported by sufficient evidence. Mother's final claim is that the finding that DCFS made reasonable efforts to reunify Mother and her children is not supported by sufficient evidence. Mother again undertakes no analysis of her claim, which we conclude is without merit. The record amply demonstrates that DCFS made

extensive efforts in an attempt to reunify Mother with her children.

¶ 6 Affirmed.