2011 UT App 97

**In the Interest of J.R.G.F., a person under eighteen years of age.**

**R.F. and R.G., Appellants,**

v.

**B.A.F. and T.F., Appellees.**

**No. 20090973–CA.**

Court of Appeals of Utah.

March 24, 2011.

Rehearing Denied April 21, 2011.

---

Margaret P. Lindsay, Provo, for Appellants.

Ronald D. Wilkinson, Orem, for Appellees.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and VOROS.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 R.F. (Mother) and R.G. (Father) appeal the order of the juvenile court terminating their parental rights in J.R.G.F. (Child). They argue that the juvenile court erred in

failing to inform them prior to trial of their right to appointed counsel and in denying their mid-trial request for appointed counsel, which they made upon discovering that they had such a right. Even assuming that Mother and Father are correct in these assertions of error, their arguments are unavailing because they have made no showing of prejudice.

¶ 2 Mother and Father assert that the remedies for "the error of outright denial of counsel where parental rights might be terminated should ... be the equivalent of those for the same error in criminal proceedings." However, the right to counsel in these two contexts derives from entirely different sources. In the criminal context, the right to counsel is a constitutional right granted by the Sixth Amendment. By its plain language, the Sixth Amendment right to counsel applies only to "criminal prosecutions," U.S. Const. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence." (emphasis added)),[1] and we have previously held that "[t]he United States Constitution requires appointed counsel only where the indigent is subject to incarceration," *In re W.B.J.*, 966 P.2d 295, 297 (Utah Ct.App.1998). Thus, there is no Sixth Amendment right to counsel in parental termination proceedings. Instead, the right to counsel claimed by Mother and Father is provided by statute:

> The parents, guardian, custodian, and the minor, if competent, shall be informed that they have the right to be represented by counsel at every stage of the proceedings. They have the right to employ counsel of their own choice and if any of them requests an attorney and is found by the court to be indigent, counsel shall be appointed by the court, subject to the provisions of this section.

Utah Code Ann. § 78A–6–1111(1)(a) (Supp. 2010); *see also In re D.C.*, 963 P.2d 761, 764 (Utah Ct.App.1998).

---

1. The Utah Constitution also specifically grants a right to counsel, and its grant is similarly limited in scope. *See* Utah Const. art. I, § 12 ("In *criminal prosecutions* the accused shall have the right to appear and defend in person and by counsel ...." (emphasis added)). Mother and Father do not argue a state constitutional right to counsel.

¶ 3 The source of the relevant right to counsel is important because statutory rights do not usually require the same level of protections as do constitutional rights, *see State v. Byington*, 936 P.2d 1112, 1116 (Utah Ct.App.1997) (explaining that when evaluating the waiver of the right to counsel, we employ different analyses depending on whether the right is constitutional or statutory, and stating that "the strict ... standards for safeguarding the constitutional right to counsel do not apply where the right to counsel is provided for by statute because procedural rights do not generally warrant the same protections as do constitutional rights"). Of course we have recognized that the statute at issue here guarantees, as does the Sixth Amendment, not only a right to counsel, but a right to *effective assistance* of counsel. *See In re E.H.*, 880 P.2d 11, 13 (Utah Ct.App.1994). And to assess whether counsel rendered effective assistance, we have adopted the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing of prejudice, *see id.* at 687, 104 S.Ct. 2052. *See In re E.H.*, 880 P.2d at 13. However, when evaluating a statutory right to counsel we have not adopted the rule in *Strickland* stating that prejudice is presumed when there is a complete denial of counsel, *see Strickland*, 466 U.S. at 692, 104 S.Ct. 2052; *see also United States v. Cronic*, 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). That rule refers to the *constitutionally* guaranteed right to counsel, *see Strickland*, 466 U.S. at 692, 104 S.Ct. 2052 ("In certain *Sixth Amendment* contexts, prejudice is presumed." (emphasis added)); *Cronic*, 466 U.S. at 659 n. 25, 104 S.Ct. 2039 ("The Court has uniformly found *constitutional* error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." (emphasis added)); *id.* at 659 & n. 26, 104 S.Ct. 2039 (stating that apart from circumstances involving a *"constitutional* error of the first magnitude," prejudice is not presumed (emphasis added) (internal quotation marks omitted)), and we have declined to apply such a rule when considering a statutory right to counsel. Instead, we have treated this statutory right to counsel differently than the constitutional right to counsel: "The denial of the constitutional right to counsel requires reversal. Reversal is not warranted, however, for the denial of a merely statutory right to counsel unless the appellant demonstrates the likelihood of a different result." *In re W.B.J.*, 966 P.2d at 296 (citation omitted). We have therefore previously determined that to obtain relief from the type of errors alleged here, an appellant must show prejudice. *See id.; see also Morra v. Grand Cnty.*, 2010 UT 21, ¶ 36, 230 P.3d 1022 ("A party required to prove prejudice as a prerequisite for relief bears the burden of showing that an error was so substantial that there is a reasonable likelihood that, absent the error, the result would have been different."); *State v. Arguelles*, 2003 UT 1, ¶ 94, 63 P.3d 731 ("The burden of showing [the likelihood of a different result] rests on the complaining party.").

¶ 4 Mother and Father wholly fail in their duty to demonstrate the likelihood of a different result had they known of and exercised their statutory right to counsel. Indeed, they make little effort to show prejudice. They simply suggest that appointed counsel would have been more effective in presenting the evidence, and they opine that appointed counsel would have been better able to compel discovery of phone records that "may have shown" a continuing interest in Child's life and that appointed counsel "might have" secured witnesses who "might have shown" that Mother and Father did not intend to abandon Child. Such speculations as to the substance and presentation of their case are insufficient to demonstrate that a different result would have been likely had they been represented by appointed counsel. *See Parsons v. Barnes*, 871 P.2d 516, 526 (Utah 1994) ("Speculation that [exculpatory evidence] exists is not sufficient to [show prejudice]."); *Fernandez v. Cook*, 870 P.2d 870, 877 (Utah 1993) (stating that speculation was "clearly insufficient to affirmatively demonstrate a reasonable probability that the trial result would have been different"); *State v. Wengreen*, 2007 UT App 264, ¶ 14, 167 P.3d 516 (declining to address an argument that was "based entirely on speculation"). Thus, Mother and Father have failed to satisfy their burden to show prejudice.

¶ 5 Furthermore, the evidence in favor of the termination of Mother's and Father's parental rights was significant, which would make it more difficult for them to show prejudice, that is, to show that had they had the assistance of counsel, the juvenile court would likely have determined that termination grounds of abandonment and unfitness were not demonstrated or that termination of their parental rights would not be in Child's best interests. It is undisputed that Mother and Father each have a lengthy criminal history and have been incarcerated for the majority of Child's life. These incarcerations made them unable to provide for Child. Shortly before Child turned two years old, B.A.F. and T.F. (Petitioners) were asked to care for Child, Child having been passed among several other caregivers by that point. Petitioners were thereafter appointed legal guardians of Child. Petitioners have cared for Child since that point in time, including for nearly four years prior to trial. Although Mother at one point initiated proceedings to terminate the guardianship, she was again incarcerated and the proceedings were not completed. Mother and Father have failed to provide financial support for Child, and they visited her only twice in the four years prior to trial. Petitioners, on the other hand, have provided a stable and loving environment for Child, drastically improving her mental health from when she first arrived at their home with symptoms of serious depression and post-traumatic stress disorder. Petitioners are the only consistent parental figures that Child knows, and Child is positively bonded with them. Furthermore, an expert whom the juvenile court found to be credible determined that Child desperately needed consistency and that a change in caretakers for Child "would cause 'disastrous results.'"

¶ 6 Thus, because Mother and Father have wholly failed to make a showing of prejudice, we affirm the decision of the juvenile court.

¶ 7 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and J. FREDERIC VOROS JR., Judge.