Decision
PER CURIAM:
T1 AG. (Mother) appeals the juvenile court's order terminating her parental rights in D.G. and D.G. We affirm.
12 Mother asserts that she was deprived of counsel at some stages of the proceedings, in violation of her statutory right to counsel. See Utah Code Ann. § T8A-6-1111 (Lexis-Nexis 2012). Mother did not have counsel at the adjudication hearing on the petition filed by the Division of Child and Family Services (DCFS). She asserts in her petition on appeal that she was not informed of her right to counsel and that she did not waive her right. Her assertion is contradicted by the record.
13 The transcript of the hearing establishes that the juvenile court informed Mother of her right to counsel. The juvenile court *769 also offered multiple times to postpone the hearing so Mother would not feel rushed into a decision and so she could obtain counsel before moving forward on the petition. Mother declined the offers to postpone the hearing, waived her right to counsel, and admitted to an amended petition after negotiating changes.
Y4 Additionally, the formal order memorializing the outcome of the hearing clearly stated that Mother had been informed of her right to counsel and had waived that right. Mother did not object to the order, and it was entered by the juvenile court in January 2012. Adjudication orders are final and appealable orders separate from the termination order appealed here. In re M.W., 2000 UT 79, 126, 12 P.3d 80. Mother did not appeal the adjudication order. Accordingly, this court lacks jurisdiction over issues related to the adjudication order. Serrato v. Utah Transit Auth., 2000 UT App 299, ¶7, 13 P.3d 616 (noting that the failure to file a timely appeal deprives this court of jurisdiction). Because no appeal was taken from the adjudication order, Mother's waiver of counsel as stated in the order is established.
T5 Mother also asserts that the juvenile court erred in imputing her husband's income to her for purposes of determining her indigency status. The juvenile court addressed the issue of income at the adjudication hearing. And, as stated above, matters relating to the adjudication hearing are barred because Mother did not appeal the adjudication order.[1]
16 Finally, Mother contends that her due process rights were violated when findings made when Mother was "improperly denied" counsel were used against her at the termination trial. However, the adjudication order establishes that Mother waived counsel. Furthermore, because the right to counsel in child welfare proceedings is a statutory right, prejudice must be shown. In re J.R.G.F., 2011 UT App 97, ¶ 3, 250 P.3d 1016. "The denial of the constitutional right to counsel requires reversal. Reversal is not warranted, however, for the denial of a merely statutory right to counsel unless the appellant demonstrates the likelihood of a different result." Id. (citation omitted). There was ample evidence presented at trial for the juvenile court to determine that even though Mother had made some progress, Mother was not capable of parenting her children at the time of trial. It is mere speculation that having an attorney at hearings earlier in the proceedings would have had any effect on the outcome of the trial at which Mother's continued instability was established.
T7 Affirmed.

. The record shows that once Mother separated from her husband permanently, the juvenile court appointed counsel for Mother. She had counsel for the remainder of the proceedings, including trial.